OPINION OF THE COURT
Edward C. Alfano, J.
Petitioner has instituted nonpayment summary proceedings against the respondents who reside in premises subsidized by the United States Government under section 8 of the United States Housing Act of 1937 as amended (US Code, tit 42, § 1437f). The building involved in 959 St. Marks Avenue, Brooklyn, New York, and is part of the Additional Assistance Program which is governed by 24 CFR Parts 886 and 450.
Respondents move to dismiss the petitions herein for failure to comply with RPAPL 741 (subd 4) in that they do not plead compliance with the Federal regulations requiring that a 10-day notice be served upon respondent tenants prior to the commencement of eviction proceedings.
Respondents contend that a notice complying with the specific requirements of 24 CFR Part 450 is required to bé *446 served on the tenant prior to the commencement of an eviction proceeding.
The issue before the court is whether such notice is required as a condition precedent to bringing a nonpayment proceeding.
The court notes that all sections of 24 CFR Part 450 make reference to the termination of a tenancy by the landlord. Section 450.4 (a) of title 24 of the Code of Federal Regulations refers to the termination notice and reads as follows: “(a) Requisites of termination notice. The landlord’s determination to terminate the tenancy shall be in writing and shall: (1) State that the tenancy is terminated on a date specified therein (2) state the reasons for the landlord’s action with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if a judicial proceeding for eviction is instituted the tenant may present a defense; and (4) be served on the tenant in the manner prescribed by paragraph (b) of this section.”
In a nonpayment proceeding, unlike a holdover proceeding, the landlord may not terminate the tenancy prior to the commencement of the proceeding. Indeed, in order to prevail in a nonpayment proceeding, the landlord must invoke the tenancy. (RPAPL 711, subd 2.)
In a holdover proceeding, on the other hand, the tenancy must be terminated prior to the commencement thereof and the prior termination is required to be pleaded therein. Notice of such termination and the date of the termination must be given to the tenant prior to the proceeding.
In the case at bar the failure of the respondents to pay the rent under the lease obviously formed the basis for the nonpayment proceedings. The very same failure to pay rent also gave petitioner the right to commence holdover proceedings under 24 CFR 450.3. That section permits a landlord to terminate a tenancy for “material noncompliance with the rental agreement” and 24 CFR 450.3 (c) states in pertinent part that “[Nonpayment of rent * * * shall constitute a substantial violation of the rental agreement”.
It is the court’s view that by reason of the failure of the respondents herein to pay the rent, the petitioner had the *447 option of affirming the tenancies and suing for the rent due in a nonpayment proceeding or terminating the tenancy under 24 CFR 450.3 (c) and instituting a holdover proceeding. The petitioner herein opted for the nonpayment proceeding and the court determines that the notice of termination of the tenancy mentioned in 24 CFR 450.4 is not required.
It is the court’s further view that the specificity of notice in rent nonpayment cases referred to in 24 CFR 450.4 (e) contemplates nonpayment cases where the nonpayment is made the basis for a holdover summary proceeding and is not applicable to the nonpayment proceeding at bar.
Nor are the respondents aided by 24 CFR 886.122 (b), (e) which is embodied verbatim in the lease and which reads as follows: “The Lessor shall not evict the Lessee unless the Lessor complies with the requirements of local law, if any, and of this provision. The Lessor shall give the Lessee a written notice of the proposed eviction, stating the grounds and advising the lessee that he has 10 days (or such greater number, if any, that may be required by local law) within which to respond to the Lessor.”
Since the provision mandates that the 10-day notice state the grounds for eviction, it is the view of this court that it was intended to apply only to a holdover proceeding. The clear purpose was that the tenant be apprised of the grounds for the proposed holdover proceeding inasmuch as such a proceeding, unlike a nonpayment proceeding, might be predicated on one or more of a multitude of grounds of which tenant might not otherwise be aware. In a nonpayment proceeding, however, the failure to pay rent is the only basis for the proceeding. The tenant is obviously aware of the reason for the proposed eviction and therefore no 10-day notice is required. The nonpayment proceeding affords the tenant ample opportunity to have his day in court where he could justify or deny the nonpayment.
In accordance with the above holdings, the motion is denied.