OPINION OF THE COURT

Per Curiam.

Final judgment entered December 8,1982 reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition.
Landlord and tenant entered into a lease agreement prepared pursuant to the section 8 existing housing program providing for a Federal subsidy of the tenancy (US Code, tit 42, § 1437Í). Pursuant to Federal regulations and the parties’ lease, landlord, in order to evict tenant, was required to give him 10 days’ written notice of the eviction, stating the grounds therefor, and to obtain the authorization of the New York City Housing Authority (NYCHA) *29 (the agency charged with administering the section 8 existing housing program in New York City) (24 CFR 882.215). At the trial of this nonpayment summary proceeding (held in Dec., 1982), landlord submitted a letter from the NYCHA, dated October 19,1982, authorizing it to commence an eviction proceeding based upon tenant’s nonpayment of rent. Tenant, however, submitted a subsequent letter from the NYCHA, dated December 6, 1982, stating that the agency was denying landlord permission to commence the proceeding. In colloquy, tenant stated and landlord’s attorney conceded that the NYCHA sent landlord the December 6,1982 letter denying authorization to evict upon learning that tenant had not been given the requisite 10-day notice.
Civil Court, holding that the 10-day notice and authorization from the NYCHA are unnecessary in nonpayment summary proceedings, allowed the proceeding to ensue and granted judgment in landlord’s favor. On appeal, tenant contends that as a result of landlord’s failure to issue the 10-day notice and obtain the NYCHA’s authorization to commence the proceeding, landlord failed to establish its prima facie case. Landlord argues that these preeviction procedures are required only in holdover, not nonpayment proceedings, citing H.E.J. Realty Co. v Clark (NYLJ, July 30, 1982, p 6, col 1 [App Term, 1st Dept]), where this court adopted that rationale (see, also, BSR Housing Dev. Fund v Ford, 109 Misc 2d 445). On reconsideration, we now overrule H.E.J. Realty Co. v Clark (supra) and hold that the issuance of a 10-day notice and the Authority’s authorization are essential elements of summary proceedings to evict section 8 tenants, both in holdover proceedings and nonpayment proceedings.
The section 8 lower-income housing assistance program established by Congress is codified at section 1437f of title 42 of the United States Code. As to evictions of section 8 tenants in existing housing units (the program pursuant to which the instant lease was prepared), section 1437F (subd [d], par [1]) of title 42 of the United States Code provides:
“Contracts to make assistance payments entered into by a public housing agency with an owner of existing housing units shall provide (with respect to any unit) that — * * *
*30 “(B) the agency shall have the sole right to give notice to vacate, with the owner having the right to make representation to the agency for termination of tenancy”. Implementing this statute, Housing and Urban Development (HUD) enacted 24 CFR 882.215 (1981), which originally provided as follows: “The Owner shall not evict any Family unless the Owner complies with the requirements of local law, if any, and of this section. The Owner shall give the Family a written notice of the proposed eviction, stating the grounds and advising the Family that it has 10 days (or such greater number, if any, that may be required by local law) within which to respond to the Owner. The Owner must obtain the PHA’s authorization for an eviction; accordingly, a copy of the notice shall be furnished simultaneously to the PHA, and the notice shall also state that the Family may, within the same period, present its objections to the PHA in writing or in person. The PHA shall forthwith examine the grounds for eviction and shall authorize the eviction unless it finds the grounds to be insufficient under the Lease.”* A provision incorporating almost verbatim the above regulation is contained in the lease between the parties.
It seems to us that it is the intent of the regulation above-quoted to guard against casually or haphazardly commenced eviction proceedings against section 8 tenants; to fully apprise a section 8 tenant of the grounds for eviction prior to the institution of summary proceedings; and to give notice to the public housing agency administering section 8 funding that the continued possession of occupants in whom it has a substantial interest is threatened. These concerns apply with equal force to nonpayment as well as holdover proceedings, and since the statute and regulations refer to evictions genetically, without any exception for evictions by reason of nonpayment of rent, there is no cause to draw the distinction which landlord urges upon us. Since landlord did not serve a 10-day notice *31 of eviction and since the Authority ultimately denied authorization to commence this proceeding, the petition is dismissed.
Dudley, P. J., Hughes and Sandifer, JJ., concur.

 24 CFR 882.215 has been amended to state that, as to leases entered into before October 1, 1981, as in the instant case, “the PHA shall have the sole right to give the notice to vacate, with the Owner having the right to make representation to the PHA for termination of tenancy”. (24 CFR 882.215 [d].) Since tenant has argued in this court that the preamendment regulation governs in this case, we are deciding the appeal on that basis. The point is somewhat academic since landlord did not comply with either the preamendment or postamendment version of 24 CFR 882.215.