■ ANSONIA ASSOCIATES, Appellant, v BERLE S. ROSENBERG et al., Respondents.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about July 16, 1989, which, *inter alia,* dismissed plaintiff's complaint seeking (1) a declaratory judgment that the subject apartments are not the defendants' primary residence, and (2) ejectment, unanimously affirmed, with costs.

The defendants, a married couple, leased one apartment in 1975, and later, having separated and living apart, leased a second apartment in 1981 in the plaintiff's building, 2109 Broadway, commonly known as The Ansonia Hotel. At the time the leases were initially executed, the premises were classified as a residential hotel subject to the Code of the Metropolitan Hotel Industry Stabilization Association of New York City, Inc. Beginning in 1982, and still ongoing, the regulatory status of these two apartments, and of many others in the building, has been the subject of extensive litigation before administrative agencies and the courts. At an early point in this litigation, it was determined that the premises were not a hotel but a residential apartment building subject to the Rent Stabilization Code, and the landlord was directed to offer rent-stabilized leases to the affected tenants. In June 1984, the landlord offered many tenants, including these defendants, leases purporting to comply with the Rent Stabilization Code and the earlier Civil Court order declaring the premises to be rent stabilized.

Many tenants, including defendants, asserted that the leases did not fully comply with the Rent Stabilization Code and the court directive, and rejected the offer and did not sign or accept the leases. The litigation concerning the validity of the rent rollback in the 1984 order, and related issues including the propriety of the rejected leases, is still ongoing before the

courts and the Division of Housing and Community Renewal. Meanwhile, no stabilized lease ever took effect between plaintiff and the defendants covering the two apartments here at issue.

In 1987, the plaintiff commenced this additional action, in Supreme Court, for a declaratory judgment that the defendants are not using the apartments as their primary residence and seeking an order of ejectment on this basis. After extensive motion practice, the IAS court issued the order which is the subject of this appeal, dismissing plaintiff's complaint. The IAS court held that as a jurisdictional prerequisite for a nonprimary residence action, the landlord must serve a notice of intention not to renew the lease during the "window period", between 150 and 120 days prior to the expiration of the prior lease, and, finding that the landlord did not issue such a notice in this case, dismissed the action.

We affirm the order dismissing the action. There being no rent-stabilized leases in effect, the landlord has no basis for a nonprimary residence action at this time. The issue of "primary residence" is relevant only in the context of the Rent Stabilization Code. Absent the regulatory rent laws, a landlord would be free to limit a tenancy to the term covered by the lease between the parties and would not be obligated to offer a renewal lease. The rent stabilization laws, enacted as a consequence of the housing emergency which prevails, confer certain rights and obligations, among the most important of which is the right of a rent-stabilized tenant to a renewal lease, provided that the apartment in question is maintained as the tenant's primary residence. *(Cier Indus. v Hessen,* 136 AD2d 145, 148-149.) Where the apartment is not maintained as a primary residence, the terms of the lease control as to the duration of the tenancy and the landlord is relieved of the regulatory obligation to offer the tenant a renewal lease. *(Supra;* Rent Stabilization Code [9 NYCRR] § 2524.4 [c].) The fact that the tenant is not using the apartment as a primary residence during the lease term does not entitle the landlord to eviction during that term, but only entitles the landlord not to renew the lease. *(615 Co. v Mikeska,* 75 NY2d 987.) A jurisdictional prerequisite to nonrenewal of a stabilized lease on the basis of nonprimary residence is that the landlord have served a notice of nonrenewal during the specified window period prior to the expiration of the existing lease term. *(Supra; Park House Partners v DeIrazabal,* 140 AD2d 84.)

Here, when the landlord commenced this action the very nature of landlord-tenant relationship, including the issue of

the proper terms of the lease to be offered and the rights of the parties under the Rent Stabilization Code, was the subject of ongoing litigation. There was concededly no existing lease between the parties and, therefore the issue of the right of renewal of a lease for these particular tenancies was not yet extant. Only when the underlying litigation is resolved will the issue of primary residence be ripe for adjudication. If it is determined in the underlying litigation that defendants are entitled to new rent-stabilized leases, then the issue of primary residence will be relevant at such time as those leases are due for renewal and plaintiff landlord will be free to bring a new nonprimary residence action, providing the jurisdictional "window period" requirement has been met at that time. Alternatively, if the underlying litigation is resolved in another fashion, then the landlord may pursue the other remedies available to evict these defendants, who would then be without any lease, and the issue of primary residence would be of no relevance.

Accordingly, the order dismissing the plaintiff's complaint should be affirmed. Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.