OPINION OF THE COURT
Per Curiam.
Order and final judgment dated February 21, 2003 reversed, with $30 costs, and final judgment of possession granted in favor of tenant dismissing the holdover petition.
The stabilized tenant’s last renewal lease expired September 30, 2000, and landlord commenced nonprimary residence proceedings. In response to a complaint by the tenant, the Division of Housing and Community Renewal (DHCR) directed on February 9, 2001 that in the event the court proceeding was determined in tenant’s favor, “the owner is required to offer a renewal lease for one or two years at the tenant’s option.” Ultimately, the holdover was dismissed on the merits by Civil Court, and this court affirmed. Rather than offering a renewal lease, landlord served a new notice of nonrenewal in June 2002, stating that “we deem your present tenancy and occupancy to expire September 30, 2002.” This (second) nonprimary residence proceeding ensued, resulting in a possessory judgment in landlord’s favor.
“A jurisdictional prerequisite to nonrenewal of a stabilized lease on the basis of nonprimary residence is that the landlord have served a notice of nonrenewal during the specified window period prior to the expiration of the existing lease term” (Arasonia Assoc. v Rosenberg, 163 AD2d 101, 102 [1990]). There was no existing lease between the parties at the time landlord served its notice because landlord had failed to comply with DHCR’s order requiring an offer of renewal in the event the first proceeding was determined in tenant’s favor. There being no lease extant, there was no basis for a nonprimary residence proceeding (Ansonia v Rosenberg, supra). Landlord’s commencement of successive proceedings, without affording tenant an opportunity to renew, was unauthorized. The failure to offer a renewal lease cannot deprive the tenant of any protections or rights provided by the Rent Stabilization Law and Code (Rent Stabilization Code [9 NYCRR] § 2523.5 [d]).
In light of our disposition, we do not reach the merits of landlord’s nonprimary residence claim.