OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and plaintiffs’ cross motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment. The Civil Court denied defendant’s motion on the ground that it was not made within 120 days of the filing of the notice of trial (see CPLR 3212 [a]), but granted plaintiffs’ cross motion, which was made several months later. Defendant appeals, as limited by its brief, from so much of the order as granted plaintiffs’ cross motion for summary judgment.
It was improper for the Civil Court to consider plaintiffs’ untimely cross motion for summary judgment in the absence of a showing by plaintiffs of good cause for not serving the motion within 120 days of the filing of the notice of trial, the Civil Court equivalent of a note of issue (see Chimbay v Palma, 14 Misc 3d 130[A], 2007 NY Slip Op 50019[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), as required by CPLR 3212 (a) (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648 [2004]). Indeed, the deadline imposed by CPLR 3212 (a) is strictly enforced, and without a showing of good cause, the court has no discretion to entertain the motion, regardless of its merit or lack of prejudice to the opposing party (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d at 726; Brill v City of New York, 2 NY3d at 652-653; Richman v Obiakor Obstetrics & Gynecology, P.C., 32 Misc 3d 135[A], 2011 NY Slip Op 51461[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
To the extent plaintiffs contend that defendant never objected to their cross motion as untimely, we conclude that the absence of an objection does not constitute good cause to consider an otherwise untimely motion. As noted, the 120-day time limit specified in CPLR 3212 (a) is strict and serves to eliminate the “sloppy practice” of late summary judgment motions and promote “a habit of compliance with the statutory deadlines” for such motions (Brill v City of New York, 2 NY3d at 653-654). *77 Thus, plaintiffs, having successfully opposed defendant’s summary judgment motion as untimely, cannot escape the consequences of their own untimely cross motion, which was made four months later. In these circumstances, the Civil Court should have denied plaintiffs’ cross motion, as it did defendant’s, as untimely.
Accordingly, the order, insofar as appealed from, is reversed, and plaintiffs’ cross motion for summary judgment is denied.
Aliotta, J.E, Pesce and Weston, JJ., concur.