Andrew Nachajski, et al., etc., Respondents,
against
Danuta Siwiec, Appellant, et al., Undertenants. NO. DECIDED Charles H. Small, Esq., for appellant. Stern & Stern, Esqs., David Lyle Stern, Esq., for respondent.



Appeals from a final judgment of the Civil Court of the City of New York, Kings County (Marc Finkelstein, J.), entered April 21, 2015, and an order of the same court entered December 23, 2015. The final judgment, after a nonjury trial, awarded possession to landlord in a holdover summary proceeding. The order denied tenant's motion, pursuant to CPLR 4404 (b), to set aside the final judgment.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition; and it is further,
ORDERED that the appeal from the order is dismissed as moot.
In this nonprimary-residence holdover proceeding, the petition alleges that tenant was in possession of the subject rent-stabilized apartment pursuant to a lease renewal for the period commencing December 1, 2010 and ending November 30, 2012, and that landlords had served a nonrenewal notice 90 to 120 days prior to the expiration of that lease. Tenant's answer, among other things, generally denied the allegations of the petition. 
At a nonjury trial, landlords introduced into evidence a 1992 lease and a certified [*2]Department of Housing and Community Renewal (DHCR) printout. The DHCR printout, which reflected information supplied by landlords, showed no lease between the parties after the 1992 lease until a lease had been executed for the period from January 1, 2013 through December 31, 2013, which dates were after the service of the purported nonrenewal notice. The DHCR printout also showed another lease for the period commencing January 1, 2014 and ending December 31, 2015. Landlords failed to introduce into evidence the purported nonrenewal notice and the alleged lease for the period commencing December 1, 2010 and ending November 30, 2012. In a posttrial memorandum, tenant's attorney argued, based on the DHCR printout, that landlords had either vitiated the purported nonrenewal notice or submitted false registrations to DHCR. Following the trial, landlord was awarded possession, based on a finding that the overwhelming evidence established that tenant did not reside in the apartment as her primary residence. Thereafter, tenant moved to set aside the final judgment, pursuant to CPLR 4404 (b), upon her sworn averments, made upon personal knowledge, that there had been no lease between the parties as alleged in the petition. In opposition, landlords' attorney argued that tenant's objection was untimely but did not deny tenant's assertion and did not submit an affidavit from landlords made on personal knowledge or a copy of the purported lease. By order dated December 23, 2015, the Civil Court denied tenant's motion.
A landlord is permitted to refuse to renew a rent-stabilized lease at the expiration of the lease term on the ground that the tenant is not using the premises as his or her primary residence (Rent Stabilization Code [RSC] [9 NYCRR] § 2524.4 [c]). The landlord is required to serve a predicate notice, not less than 90 days and not more than 150 days prior to the expiration of the lease, informing the tenant that the lease will not be renewed (see RSC § 2524.2 [c] [2]; see also Golub v Frank, 65 NY2d 900, 901 [1985]). Failure to serve a nonrenewal notice within the requisite period forecloses the landlord's opportunity to commence a nonprimary residence proceeding until a renewal lease is executed and the same window opens again prior to the expiration of the renewal lease (see Ansonia Assoc. v Rosenberg, 163 AD2d 101 [1990]; Nussbaum Resources I LLC v Gilmartin, 4 Misc 3d 80 [App Term, 1st Dept 2004]). Compliance with the notice requirement is a condition precedent to the maintenance of the summary proceeding, and the burden remains on the landlord to prove that element of its case (see Mautner-Glick Corp. v Glazer, AD3d , 2017 NY Slip Op 01963 [2017]). Moreover, the renewal of a lease following the service of a nonrenewal notice renders the notice inoperative and requires the landlord to serve a new notice at the end of the renewal lease (see 123 W. 15, LLC v Compton, 4 Misc 3d 138[A], 2004 NY Slip Op 50938[U] [App Term, 1st Dept 2004]).
At trial, landlords failed to establish their prima facie case because they failed to introduce the purported nonrenewal notice and any evidence of a lease expiring on November 30, 2012, and thus failed to establish compliance with the notice requirement (see 520 E. 81st St. Assoc. v Lenox Hill Hosp., 77 NY2d 944 [1991]). Moreover, the DHCR printout appears to show no lease for that period and two leases commencing after the date of the purported nonrenewal notice. Thus, landlords failed to prove that they had served a nonrenewal notice within the requisite time frame and that they did not renew the lease after serving that purported notice.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition. The appeal from the order is dismissed as moot.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017