553 W. 144th LLC, Petitioner-Landlord- 
against
Hilda Rosario Severino, Respondent-TenantRespondent, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered November 8, 2017, which granted tenant's motion to dismiss the petition at the close of landlord's case in a holdover summary proceeding.




Per Curiam.
Order (Jean T. Schneider, J.), entered November 8, 2017, affirmed, with $10 costs.
A fair interpretation of the evidence supports the trial court's finding that the September 20, 2013 lease renewal was unenforceable because it lacked essential terms, such as its duration and the amount of rent to be paid (see Matter of Davis v Dinkins, 206 AD2d 365, 367 [1994], lv denied 85 NY2d 804 [1995]), and that the missing terms could not fairly and reasonably be fixed by the intent of the parties and the surrounding circumstances (see Haines v City of New York, 41 NY2d 769, 772 [1977]). Therefore, this proceeding based upon allegations of nonprimary residence was properly dismissed. "There being no rent-stabilized lease[] in effect, the landlord has no basis for a nonprimary residence action at this time" (Ansonia Assoc. v Rosenberg, 163 AD2d 101, 102 [1990]; see also Santorini Equities, Inc. v Picarra, 72 AD3d 73 [2010], lv dismissed 15 NY3d 769 [2010]).
We have considered the parties' remaining contentions and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: December 31, 2018