BQE Acupuncture, P.C., and ABC Physical Therapy, P.C., as Assignees of Rhodes Arlene, Appellants,
against
State Farm Mutual Automobile Insurance Company, Respondent.




Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt and David Steigbigel of counsel), for appellants.
Nicolini, Paradise, Ferretti & Sabella, PLLC (Francis J. Ammendolea of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered November 1, 2017. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by providers to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for summary judgment. The Civil Court granted defendant's motion and denied plaintiffs' cross motion.
It is uncontroverted that plaintiffs filed their notice of trial on July 14, 2016. Unless a court sets another date, a motion for summary judgment must be made no later than 120 days after the filing of the notice of trial, which is the Civil Court equivalent of a note of issue, except with leave of court on good cause shown (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 651 [2004]; Boereau v Scott, 140 AD3d 687 [2016]; Exceptional Med. Care, P.C. v Fiduciary Ins. Co., 43 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). "A [*2]motion on notice is made when a notice of the motion . . . is served" (CPLR 2211). Defendant's affidavit of service states that its summary judgment motion was served on November 23, 2016, which is over 120 days after plaintiffs had filed their notice of trial. Thus, defendant's summary judgment motion was untimely.
Defendant failed to demonstrate, in its moving papers, good cause for not filing the motion in a timely manner (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869 [2016]; Goldin v New York & Presbyt. Hosp., 112 AD3d 578, 579 [2013]). The Civil Court improvidently exercised its discretion in implicitly considering the good cause argument raised for the first time in defendant's reply papers (see Goldin v New York & Presbyt. Hosp., 112 AD3dat 579; St. John's Univ. v Butler Rogers Baskett Architects, P.C., 105 AD3d 728, 728 [2013]; Cabibel v XYZ Assoc., L.P., 36 AD3d 498 [2007]). As plaintiffs' affidavit of service attests that its cross motion was served by plaintiffs' attorney on September 1, 2017, the cross motion was untimely for the same reasons as stated above and similarly should not have been considered by the Civil Court.
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019