700 Bklyn Realty, LLC v Latimi (2021 NY Slip Op 21233)

700 Bklyn Realty, LLC v Latimi

2021 NY Slip Op 21233 [73 Misc 3d 11]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 10, 2021

[*1]

700 Bklyn Realty, LLC, et al., Appellants,
v
Charlene Latimi, Also Known as Charlene Latimi-Tanniehill, Respondent, et al., 
 Undertenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, September 3, 2021

APPEARANCES OF COUNSEL

Kaufman Friedman Plotnicki & Grun, LLP (Ari Grun of counsel) for appellants.
Ellery Ireland for Charlene Latimi, also known as Charlene Latimi-Tanniehill, respondent.

{**73 Misc 3d at 12} OPINION OF THE COURT

Memorandum.

Ordered that the order is affirmed, without costs.
Landlords commenced this holdover proceeding to recover possession of a rent-stabilized apartment on the ground that tenant, who participates in a Section 8 program administered by the New York City Housing Authority (NYCHA), did not use the apartment as her primary residence as required by Rent Stabilization Code (RSC) (9 NYCRR) § 2524.4 (c).
In 2017, landlords served tenant with a combined notice meeting two separate statutory requirements. It notified tenant, as required by RSC § 2524.2 (titled "Termination notices" and describing the requisite notice as a "notice to a tenant to vacate or surrender possession of a housing accommodation" [RSC § 2524.2 (b)]), that landlords were not renewing tenant's lease because she was not using the apartment as her primary residence (see RSC § 2524.4 [c]). It also informed tenant, as required by RSC § 2524.4 (c), that landlords intended to commence {**73 Misc 3d at 13}a holdover proceeding on that ground. Landlords then commenced a holdover proceeding based on nonprimary residence, which was discontinued by stipulation due to landlords' conceded failure to serve NYCHA with the 2017 combined notice. The parties did not enter into a new [*2]lease.
In 2018, landlords served both tenant and NYCHA with a new notice of intent to commence a summary proceeding pursuant to RSC § 2524.4 (c), attaching, as an exhibit, a copy of the 2017 combined notice, and then commenced the instant holdover proceeding. Landlords appeal from an order of the Civil Court (Kevin C. McClanahan, J.) dated May 7, 2019, which granted tenant's motion to dismiss the petition. Landlords argue that it was not necessary to serve the RSC § 2524.2 notice, commonly referred to as a nonrenewal notice when such notice is required by RSC § 2524.4, on NYCHA because such notice does not constitute a Section 8 "owner eviction notice," and that they had satisfied their obligations with respect to Section 8 by serving the RSC § 2524.4 notice of intent to commence a summary proceeding upon NYCHA prior to commencing this proceeding (see RSC § 2524.4 [c]).
A landlord is required to serve a predicate "notice to vacate or surrender possession" pursuant to RSC § 2524.2 prior to commencing a proceeding to "remove or evict" a tenant from a rent-stabilized housing accommodation upon any ground permitted by RSC §§ 2524.3 or 2524.4. This includes commencement of a holdover proceeding based upon nonprimary residence (see RSC § 2524.4 [c]), which has an additional prerequisite—service of a notice of intent to commence a summary proceeding pursuant to RSC § 2524.4 (c). When nonprimary residence is the basis for the landlord's election not to renew a rent-stabilized tenancy, it is required to serve the RSC § 2524.2 notice within a specified period of time prior to the expiration of the lease (see RSC § 2524.2 [c] [2]; see also Golub v Frank, 65 NY2d 900, 901 [1985]). Failure to serve such notice within the statutory period forecloses the landlord's opportunity to commence a nonprimary residence proceeding until a renewal lease is executed and the same window opens again prior to the expiration of the renewal lease (see Ansonia Assoc. v Rosenberg, 163 AD2d 101 [1990]; Nussbaum Resources I LLC v Gilmartin, 4 Misc 3d 80 [App Term, 1st Dept 2004]).
Because this is a Section 8 tenancy, landlords were required to give NYCHA "a copy of any owner eviction notice to the tenant" (24 CFR 982.310 [e] [2] [ii]). An "owner eviction notice" is {**73 Misc 3d at 14}defined to include a "notice to vacate" (24 CFR 982.310 [e] [2] [i]). The notice required by RSC § 2524.2 (c) (2) is a "notice to a tenant to vacate or surrender possession of a housing accommodation" (RSC § 2524.2 [b]), and therefore, contrary to landlords' argument, it is an "owner eviction notice." While landlords attached a copy of the 2017 combined notice to their 2018 notice of intent to commence a summary proceeding, which they served on NYCHA, there is no basis to hold that service upon NYCHA of an "owner eviction notice" need not be made in accordance with the time provisions for service of such notice upon the tenant, set forth as relevant here in RSC § 2524.2 (c). Thus, since landlords did not serve the 2017 RSC § 2524.2 nonrenewal notice on NYCHA within the statutory period prior to the expiration of the lease, the petition was properly dismissed (see Nachajski v Siwiec, 55 Misc 3d 133[A], 2017 NY Slip Op 50438[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Landlords' remaining argument is not properly before this court, as the argument is being raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; [*3]Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]), and we decline to consider it.
Accordingly, the order is affirmed.

Weston, J. (dissenting and voting to reverse the order and deny tenant's motion to dismiss the petition in the following memorandum). I disagree with the majority's conclusion that landlords were required to serve the New York City Housing Authority (NYCHA) with a nonrenewal notice prior to the expiration of the lease. Under the circumstances of this case, landlords' incorporation by reference of the 2017 combined notice gave NYCHA sufficient notice of the facts and grounds upon which the proceeding was based. The fact that it was served on NYCHA outside the limitations period for service on the tenant is irrelevant, since nothing in the applicable federal regulations requires anything other than an "eviction notice" to be served on NYCHA (see 24 CFR 982.310 [e] [2] [ii]). Since that was done here, the petition should not have been dismissed. Accordingly, I respectfully dissent and vote to reverse the order of the Civil Court and deny tenant's motion to dismiss the petition.
At play in this case are various provisions of the Williams consent decree and the Rent Stabilization Code (RSC). According{**73 Misc 3d at 15} to paragraph 6 (b) of the Williams consent decree, a landlord shall "mail or deliver to [NYCHA] a copy of such notice as any applicable provision of law may require it to serve upon the tenant as a prerequisite to commencement of an eviction proceeding." I do not dispute that a notice of nonrenewal is a predicate to commencement of an eviction proceeding that must be served on NYCHA, and that such notice must be served on the tenant within the time periods set forth in RSC § 2524.2 (c) (2). However, I disagree with the majority that such statutory time periods likewise apply to NYCHA.
The federal regulations provide that the owner must give the tenant written notice of the grounds for termination of the tenancy during the term of the lease and such notice "must be given at or before commencement of the eviction action" (24 CFR 982.310 [e] [1] [i]). Such notice "may be included in, or may be combined with, any other eviction notice to the tenant," and a copy of the eviction notice must be given to the Public Housing Authority (24 CFR 982.310 [e] [1] [ii]; [2] [ii]). An eviction notice is defined as "a notice to vacate" (24 CFR 982.310 [e] [2] [i]).
In my opinion, landlords met their obligations under the federal regulations. Prior to commencing this action, landlords timely served tenant with a nonrenewal notice specifying the grounds for nonrenewal, followed by a notice of intent to commence a holdover proceeding. Landlords also served NYCHA with the notice of intent to commence proceedings, together with a copy of the nonrenewal notice previously served on tenant. While service of a nonrenewal notice within the statutory time period prior to the expiration of the lease is required as a basis for termination of a tenancy (see RSC § 2524.2 [c] [2]), there is no concomitant requirement, either [*4]statutory or regulatory, that NYCHA likewise be served with a nonrenewal notice within this prescribed period. All that is required under the federal consent decree and regulation is that timely notice of the commencement of an eviction action be served on NYCHA (see 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]). Since that was done here, I see no reason to dismiss the petition.
Accordingly, I vote to reverse the order and reinstate the petition.
Aliotta, P.J., and Toussaint, J., concur; Weston, J., dissents in a separate memorandum.