Haskins v Gutierrez (2024 NY Slip Op 50507(U))

[*1]

Haskins v Gutierrez

2024 NY Slip Op 50507(U)

Decided on April 30, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 30, 2024
Civil Court of the City of New York, Queens County

Selena Haskins AS TENANTS IN COMMON, LANCE SWINTON AS TENANTS IN COMMON; ERIC HASKINS AS TENANTS IN COMMON, DONNELL HASKINS AS TENANTS IN COMMON, Petitioner(s)

against
Viviana Gutierrez; "John" "Doe"; "Jane" "Doe", Respondent(s)

Index No. LT-318097-23/QU

Matthew Nelson Ross, Esq.
Attorney for Petitioner
561 Seventh Avenue, 19th Fl. 
New York, NY 10018
Queens Legal Services
Attorneys for Respondent
Andrew Soboeiro, Esq.
89-00 Sutphin Boulevard 
Jamaica, NY 11435
asoboeiro&commat;lsnyc.org

Enedina Pilar Sanchez, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations 3
Memoranda of Law
This holdover proceeding is predicated upon a 90-day termination notice. Respondent has filed a motion to dismiss. Respondent argues that the termination notice does not recite that respondent has a Section 8 voucher and that the public housing authority was not served with the predicate notice or the notice of petition and petition.
The motion was opposed. Petitioner argues that it was not required to give the notice described by the respondent because there was no lease with the respondent, no HAP contract with the Section 8 administrator, and petitioner has not received Section 8 payments.
Upon consideration of the arguments presented, the motion to dismiss is granted and the [*2]holdover proceeding is dismissed without prejudice.
It is not disputed that the predicate notice fails to state that respondent has a Section 8 voucher, notwithstanding that there is no lease in place, a HAP agreement, or allegations that no rent was paid. In a predicate notice regarding a Section 8 recipient, the termination notice would need to describe the Section 8 voucher connected to the subject premises and must apprise, by that very notice, the corresponding administrator of the program that petitioner seeks to terminate the tenancy. To that end, the notice itself must recite the Section 8 status of the tenant. 700 Bklyn Realty, LLC v. Bklyn Realty, LLC, 73 Misc 3d 11 [App Term, 2n Dept, 2nd, 11th, and 13th Jud Dist 2021]; Homestead Equities v. Washington, 176 Misc 2d 459 [Civ. Ct Kings County 1998].
In Homestead Equities v. Washington, Justice Acosta, former Presiding Justice of the Appellate Division, First Judicial Department, noted that the predicate notice must apprise the administrating Section 8 program of the tenant's interest and termination to "fulfill the purpose of the regulation or otherwise act in any way upon the notice which was served." at 464.
It is noted, here, that the petition at paragraph 10 refers to the terms of the most recent rental agreement between the parties where the tenant agreed to pay the monthly Section 8 share of the rent of $221.00. Respondent shows that on March 11, 2022, DHPD had issued the Housing Choice Voucher (HCV) described in the rent breakdown letter and that the tenant's share computed to be at $221.00. NYSCEF Doc. No.10. Notice of the termination of the tenancy with the language indicating that respondent has a Section 8 voucher accurately describes the tenancy and by serving the administrator of the program, it begins the process of potentially transferring the voucher. This notice is known as notice under the Williams Consent Decree.[FN1]

Respondent's interest was not described in the predicate notice, nor was the notice served on the corresponding agency. The termination notice is deficient, and it cannot be amended. Chinatown Apts. v. Chu Cho Lam, 51 NY2d 786[1980]. Dismissal of the petition is required.
This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Dated: April 30, 2024
Queens, New York
SO ORDERED,
Hon. ENEDINA PILAR SANCHEZ
J.H.C

Footnotes

Footnote 1:Williams v NYCHA, 81 Civ 1801 (SDNY 1995)("Williams Consent Decree").