**Marine Terrace Preserv., L.P. v Bauseman**

2025 NY Slip Op 32733(U)

August 12, 2025

Civil Court of the City of New York, Queens County

Docket Number: Index No. L&T 313622-23

Judge: Logan J. Schiff

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART F
-----------------------------------------------------------------X
MARINE TERRACE PRESERVATION, L.P.

                                    Index No. L&T 313622-23

                     Petitioner,

           -against-                           **DECISION/ORDER**

ISIAH BAUSEMAN, et al.

                     Respondent.
-----------------------------------------------------------------X

Present:        Hon. <u>Logan J. Schiff</u>
                   Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Respondent's motion to interpose an amended answer, and Petitioner's cross-motion to amend the Petition (mot. seqs. 3-4): NYSCEF 38-48.

The court's decision and order on the respective motions is as follows:

**PROCEDURAL HISTORY AND BACKGROUND**

Petitioner commenced the instant holdover proceeding upon filing the Petition and Notice of Petition on August 3, 2023. The Petition pleads that Respondent Isiah Bauseman is the tenant of record of the subject rent-stabilized apartment. Petitioner alleges it voided and terminated Respondent's lease prior to commencement pursuant to RPL 231(1), RPAPL 711(5), and Rent Stabilization Code § 2524.3(d) based on the occupancy of the premises "for any illegal trade or manufacture or other illegal business" (RPAPL 711[5]). According to the Petition and annexed termination notice, on May 12, 2023, the New York City Police Department seized numerous Ziploc bags containing cocaine and two loaded, black, ghost guns, from the Respondent's guest, named herein as John Doe, believed to be used in the distribution of illegal drugs. It is undisputed that John Doe is Respondent's nephew. Petitioner does not claim that Respondent

1

was involved in any of the conduct alleged apart from allowing his nephew into the residence as a guest.[1]

The notice of termination further provided that the termination was without prejudice to a previously commenced nonpayment proceeding under LT-300303-23/QU, filed on January 6, 2023, in which Petitioner sought $2,702.81 in unpaid rent based on a monthly tenant rental share of $177. Unlike in the holdover proceeding, the nonpayment petition additionally pleaded that Respondent is a recipient of a Section 8, portable, housing choice voucher administered by the New York City Housing Authority (NYCHA) and annexed a certification from NYCHA authorizing maintenance of the proceeding, as required by the Williams First and Second Consent Decrees (*see Williams v New York City Hous. Auth.*, 81 Civ 1801 (SDNY 1995); *Williams v New York City Hous. Auth.*, 975 F Suppl 317 [SDNY 1997]).

Respondent did not initially appear in the nonpayment proceeding, and a default judgment was entered on June 21, 2023. Respondent then moved by order to show cause dated July 25, 2023, for a stay of execution of the warrant, stating in his papers that he was seeking additional time to obtain rental assistance from the Human Resources Administration and further stating: "I am disable [sic] on a wheelchair and I have cancer. I'm very sick now." While Respondent did not appear on the return date and was defaulted, the Department of Social Services (DSS) ultimately moved as a friend of the court for appointment of a guardian ad litem (GAL) for Respondent, who is an elderly wheelchair-bound amputee and veteran, and for vacatur of the default judgment, by motion dated November 2023, which was granted by order dated December 8, 2023.

---

[1] John Doe was incarcerated for much of the duration of the instant proceeding, however according to Petitioner's counsel at the most recent appearance on August 5, 2025, when the instant motions were argued, he has been released and is visiting the building and Respondent's apartment regularly based on video surveillance footage.

[* 2]

DSS separately moved for appointment of a GAL in the instant holdover by motion dated July 8, 2024, which was granted on January 23, 2024, and resulted in appointment of the same GAL in both proceedings, Dr. Rachel Gordon. Numerous adjournments ensued during which the Dr. Gordon sought assigned counsel through New York City's Universal Access to Counsel Program (UAC), created via local law in 2017 by the New York City Council in recognition of the gravity of housing court proceedings and the need to afford litigants without resources the ability to retain counsel (*see 2247 Webster Ave. HDFC v Galarce*, 62 Misc 3d 1036 [Civ Ct, Bronx Co 2019], citing Administrative Code of City of New York § 26-1302[a][2]). Yet, as is seemingly often the case with the more challenging and resource-intensive of housing court cases, no assigned counsel was forthcoming despite numerous referrals made directly by the court to the Office of Civil Justice, the unit within the Human Resources Administration charged with overseeing the UAC program. Ultimately, the proceeding was transferred to the trial part without the benefit of counsel by transfer order dated July 23, 2024, over Dr. Gordon's strenuous objection.

Following several conferences in the trial part, Dr. Gordon finally secured counsel for her ward via The Legal Aid Society (LAS), who filed a Notice of Appearance on September 27, 2024, followed by an answer on October 2, 2024 (NYSCEF 19). The answer asserts, in relevant part, that the allegations, entirely attributable to a non-resident guest on one occasion, are not sufficient to state a cause of action for termination of a rent-stabilized tenancy. Following additional conferences, during which attempts at settlement were unsuccessful and largely hampered by the fact that neither party believes Mr. Bauseman, an elderly amputee, has the ability to ensure his nephew remains entirely out of the premises, a trial was scheduled for April 1, 2025, administratively adjourned to May 16, 2025, and then adjourned to June 17, 2025, at

3

[* 3]

Respondent's counsel's request in light of the departure of the prior case-handling attorney at LAS.

The day before trial, by order to show cause dated June 16, 2025, Respondent's counsel moved to interpose an amended answer, and upon amendment for summary judgment pursuant to CPLR 3212, alleging that Petitioner failed to plead that Respondent is a recipient of a NYCHA Section 8 voucher and did not serve a copy of the Petition on NYCHA by overnight mail or in person as required by the Williams Second Consent Decree (*see Lake Sutter Ave Corp v Manning*, 2023 NYLJ LEXIS 2964 [Civ Ct, Kings Co 2023], citing ¶ 6(b)(2) of the Williams Second Consent Decree). While this court signed the order to show cause given the ample case law allowing amendment of pleadings in the absence of prejudice, the undersigned struck, and disallowed as untimely, the portion of the motion seeking summary judgment.[2] It was further

---

[2] As per this court's part rules, after a trial is scheduled, all motions must be commenced by order to show cause, and the court "will not entertain dispositive motions in the trial part barring exceptional circumstances with an explanation as to why such relief was not sought in the resolution part." Such a rule is not intended to deprive litigants of their right to file dipositive motions before trial pursuant to CPLR 3211 or 3212, as is contemplated in special proceedings by CPLR 406, which provides that motions "made before the time at which the petition is noticed to be heard, shall be noticed to be heard at that time" (*see also Matter of Hochberg v Davis*, 171 AD2d 192 [1st Dept 1991]). However, CPLR 406 does not divest a trial court of its "general discretion…to manage its docket in the interest of judicial economy" (*Favourite Ltd. v Cico*, 42 NY3d 250 [2024]), citing as a general proposition *Landis v North Am. Co.*, 299 US 248, 254-255 [1936] [discussing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"]). While summary proceedings are a species of special proceeding in which CPLR 406 applies, it is no longer the case that a hearing or trial can occur on the initial appearance as is still plausible in other special proceedings such as Article 78 challenges to administrative agency decisions. Respondents in housing court have a right to an adjournment on the first appearance to seek free assigned counsel (*see* RPAPL 745[2][a]), after which, rarely before the third appearance, the proceeding is transferred from an initial resolution part to a trial part for a pre-trial conference. Only after a pre-trial conference occurs in the trial part, all motions are disposed of, and the proceeding has been certified as trial ready, can a trial be scheduled, long after the initial hearing date of the petition, in most cases six or more months after the initial appearance (*see 11-15 New Montrose Ave. Tenant Assn. v 11-15 New Montrose Ave. Hous. Dev. Fund Corp.*, 72 Misc 3d 1250 [Civ Ct, Kings Co 2021]). In other words, there is ample opportunity for dispositive motion practice prior to the scheduling of a firm trial date, and it is well within the court's discretion, consistent with its inherent authority to manage its trial docket, to limit dispositive motion practice after this point, a practice that comports with the "summary nature of the [RPAPL article 7]

4

[* 4]

noted on the body of the signed order to show cause that: "The trial will proceed as scheduled tomorrow. All parties are to appear with their counsel barring an adjournment on consent of both sides." This was done to afford Petitioner the option of consenting to amendment and proceeding directly to trial without further delay.

Ultimately, Petitioner sought an adjournment to oppose Respondent's motion, and the matter was adjourned to August 5, 2025. Petitioner then cross-moved to amend the Petition by motion dated July 11, 2025, to plead that Respondent is a recipient of a Section 8 voucher administered by NYCHA. With respect to Respondent's motion, Petitioner opposes to the extent Respondent's proposed answer seeks to interpose an "affirmative defense" alleging noncompliance with the Williams Second Consent Decree. Petitioner does not dispute that it did not comply with federal regulations (24 CFR § 982.310[e][2][ii]) and the Williams Consent Decree, both of which require service of all notices to vacate, including any predicate notice and the petition and notice of petition, upon NYCHA prior to commencement. In this case it appears Petitioner did not serve a copy of the Petition and Notice of Petition on NYCHA in any manner. Instead, Petitioner argues this defense should be deemed waived given the Respondent's extensive delay in seeking to amend the attorney-filed Answer to raise this defense.

---

summary proceeding" (*Rodgers v Crumb*, 242 AD2d 874 [4th Dept 1997] [internal citation and quotation omitted]; *see also 2094-2096 Boston Post Rd., LLC v Mackies Am. Grill, Inc.*, 51 Misc 3d 150 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; *Martinez v Uloa*, 50 Misc 3d 45 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015, Weston, J., dissenting]); *cf. Exceptional Med. Care P.C. v Fiduciary Ins. Co.*, 43 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Last-minute dispositive motions are particularly inappropriate where the respondent has been afforded ample time to so move with the benefit of counsel. Nor does CPLR 406 relieve a party in a special proceeding from complying with CPLR 2214, which contemplates service of a motion at least 8 days prior to the return date in the normal course of litigation (*see Matter of Jordon v City of New York*, 38 AD3d 336 [1st Dept 2007]). The refusal of the court to consider a dispositive motion prior to trial does not, of course, relieve the petitioner from proving all elements of its prima facie case or preclude the respondent from raising any cognizable defenses or legal arguments at trial that were not otherwise waived.

[* 5]

**DISCUSSION**

The court first addresses Respondent's motion to interpose an amended answer to assert a defense that Petitioner did not serve a copy of the Petition on NYCHA prior to commencement in violation of the Williams Second Consent Decree. The standard for amendment is well known. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Citimortgage, Inc. v Rogers*, 203 AD3d 1125 [2d Dept 2022] [internal citations and quotations omitted]); *Alsaidi v Alsaede*, 227 AD3d 643 [2d Dept 2024]). "Mere lateness is not a barrier to amendment" and generally must rise to the level of "lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (*Shields v Darpoh*, 207 AD3d 586 [2d Dept 2022]). "The burden of establishing prejudice is on the party opposing the amendment" (*Kimso Apts. LLC v Gandhi*, 24 NY3d 403, 411 [2014]). "[P]rejudice must be 'traceable not simply to the new matter sought to be added, but also to the fact that it is only now being added. There must be some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add'" *(Four Thirty Realty LLC v Kamal*, 83 Misc. 3d 138 [App Term, 1st Dept 2024], quoting *A.J. Pegno Constr. Corp. v. City of New York*, 95 AD2d 655, 656 [1983]).

In opposing Respondent's motion to interpose an amended answer, Petitioner fails to articulate, and the court cannot discern, any prejudice to allowing amendment at this pre-trial juncture, notwithstanding Respondent's delay in seeking amendment (*see Hill Plaza Enters. NY, LLC v Terris*, 82 Misc. 3d 132 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).

Nor does the court find the proposed amended answer to be palpably lacking in merit. In tenancies subject to Section 8 voucher rental subsidies, federal regulations require service of all

6

[* 6]

notices to vacate on the relevant Public Housing Agency (PHA) administering the Section 8 benefits (*see* 24 CFR § 982.310[e][2][ii]). In addition, for Section 8 tenancies where NYCHA is the supervising PHA, the Williams Second Consent Decree imposes additional requirements upon commencement of an eviction proceeding, including a requirement that landlord "serve a copy of the Notice of Petition and Petition on the Authority or send a copy of said documents to the Authority by overnight mail" (Williams Second Consent Decree, ¶ 6[b][2]).

To the extent Petitioner argues Respondent's proposed "affirmative defense" rooted in Petitioner's noncompliance with the Williams Second Consent Decree and federal regulations was waived by Respondent's delay in raising the defense, this argument is unavailing for several reasons. First, Petitioner's duty to comply with state and federal law with respect to Section 8 notice requirements, as with other conditions precedent to commencement, is an "'essential element' to the landlord's prima facie case," not an affirmative defense (*433 W. Assocs. v Murdock*, 276 AD2d 360 [1st Dept 200], quoting *Jeanie Realty Co v Sandberg*, 125 Misc 2d 28, 29 [App Term, 1st Dept 1984]); *see also 700 Bklyn Realty, LLC v Latimi*, 73 Misc 3d 11 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; *Lake Sutter Ave Corp v Manning*, 2023 NYLJ LEXIS 2964 [Cit Ct, Kings Co 2023]), *Homestead Equities v Washington*, 176 Misc 2d 459 [Civ Ct, Kings Co 1998]; *Jeanie Realty Co v Sandberg*, 125 Misc 2d 28, 29 [App Term, 1st Dept 1983]). Unlike an affirmative defense, which is generally waived when not raised in a responsive pleading, elements of a petitioner's prima facie case remain a part of the initial burden of proof at trial, even where not challenged or raised as a defense in an answer or dipositive motion (*see W54-7 LLC v. Schick*, 14 Misc.3d 49, 50 [App Term 1st Dept 2006]; *see also 1646 Union v Simpson*, 62 Misc 3d 142 [App Term, 2d, 11th &13th Jud Dists, 2d Dept 2019] [relief in a summary proceeding is only available where the petitioner has complied with all the necessary

7

[* 7]

statutory prerequisites to commencement, which the court may review sua sponte]; *Mautner-Glick Corp. v. Glazer*, 148 AD3d 515, 516 [1st Dept 2017]). The fact that Respondent has characterized Petitioner's compliance with the Williams Second Consent Decree as an "affirmative defense" in his proposed answer rather than a defense or element of the prima facie does not compel a different result (*see Butler v Catinella*, 58 AD3d 145 [2d Dept 2008]; *Torre v Giorgio*, 51 AD3d 1010 [2d Dept 2008]; *see generally Citibank, N.A. v Kerszko*, 203 AD3d 42 [2d Dept 2022] [the substance of a motion, not how the request for relief is denominated, dictates how it should be treated by the court]).

Even assuming, arguendo, that compliance with federal regulations and the Williams Consent Decree could be construed as an affirmative defense, it is well established that a waived affirmative defense may be revived by amendment in the absence of prejudice (*see Deutsche Bank Natl. Trust Co. v Groder*, 218 AD3d 542 [2d Dept 2023] *Four Thirty Realty LLC v Kamal*, 83 Misc 3d 138 [App Term, 1st Dept 2024]), including on the eve of or even during trial (*see Thanasoulis v Shapiro*, 81 Misc 3d 132 [App Term, 1st Dept 2023]). That the amendment here may result in dismissal after a lengthy delay is not a basis for denial of the motion, as Petitioner articulates no special right lost or other exceptional expense or circumstance that would militate against allowing amendment (*see Four Thirty Realty LLC*, 83 Misc 3d 138)

The Appellate Division's holding in *433 W. Assoc v Murdock*, 276 AD2d 360 (1st Dept 2000), cited by Petitioner in support, does not dictate or even suggest a contrary result. In *Murdock*, the court held that the defense of compliance with the Williams Consent Decree was waived where not raised until *after trial* and where the tenant executed a stipulation that "expressly recognized the landlord's prima facie case" and "did not appeal the judgment of possession" (*id*). Under these singular circumstances, the Appellate Division concluded there

[* 8]

was no basis for vacatur of the judgment insofar as the court's subject matter jurisdiction was not implicated. Such determination was consistent with longstanding principles that a judgment after trial should afford the parties a degree of finality (*see Urias v Daniel P. Buttafuoco & Assoc., PLLC*, 41 NY3d 560 [2024]). *Murdock* in no ways suggests that compliance with federal Section 8 regulations and the Williams Consent Decree, a necessary component of a landlord's prima facie case when evicting a NYCHA Section 8 voucher holder, cannot be raised prior to or during trial in the absence of an explicit waiver of the defense, or that the court must overlook defects in the petitioner's prima facie case that Respondent brings to its attention before the close of trial.[3]

Finally, Petitioner concedes it failed to plead that Respondent is a recipient of a NYCHA Section 8 voucher and now seeks amendment to correct this material omission as to the regulatory status, a pleading defect that could have contributed to Respondent's delay in asserting defenses related to the Williams Consent Decree. A finding of waiver is not appropriate where the basis of the defense is rooted in claims or facts that were never properly pled. Indeed, were the court to grant amendment of the Petition, Respondent would be entitled by right to interpose an amended answer without any limitations (*see R & G Brenner Income Tax Consultants v Gilmartin*, 166 AD3d 685, 688 [1st Dept 2024] ["Since an amended complaint supplants the original complaint, it would unduly prejudice a defendant if it were bound by an original answer when the original complaint has no legal effect."], quoting *Mendrzycki v Cricchio*, 58 AD3d 171, 175 [2d Dept 2008] [further holding that a waived affirmative defense may be revived by an amended answer responding to an amended complaint]).

Accordingly, for the foregoing reasons, Respondent's motion to interpose an amended answer is granted, and the Proposed Amended Answer is deemed filed and served.

---

[3] The other appellate holdings cited by Petitioner are similarly inapposite as they involve the waiver of defenses by virtue of a stipulation of settlement, a widely accepted proposition.

Upon amendment, this court is compelled, on its own motion, to dismiss the subject proceeding without prejudice for failure to comply with 24 CFR § 982.310(e)(2)(ii) and the Williams Second Consent Decree, as Petitioner admits it did not serve a copy of the Petition and Notice of Petition on NYCHA in any manner. Although the court did not allow Respondent to seek this relief in its motion, such a result is nonetheless necessitated by CPLR 409(b), pursuant to which the court in a special proceeding is under the obligation to "make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (*Fourth Hous. Co., Inc. v Bowers*, 53 Misc 3d 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016], quoting CPLR 409(b); *see also Bahar v Schwartzreich*, 204 AD 2d 441, 443 [2d Dept 1994]); *Greenport Preserv. L.P. v Heyward*, 160 N.Y.S.3d 734, 735 [App Term, 2d, 11th & 13th Jud Dists, 2d Dept 2021]). Inasmuch as the failure to comply with the 24 CFR § 982.310[e][2][ii]) and the Williams Second Consent Decree is a non-amendable, fatal defect, this proceeding is hereby dismissed without prejudice (*see 700 Bklyn Realty, LLC v Latimi*, 73 Misc 3d 11 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).

In light of the foregoing, Petitioner's cross-motion to amend is denied as moot. This is the decision and order of the court.

Dated:     August 12, 2025
           Queens, New York

*Logan J Schiff*
_____
HON. LOGAN J. SCHIFF, J.H.C.

APPROVED
lschiff , 8/12/2025, 3:43:19 PM

10