■ MARY KARDANIS, Appellant, v CONSTANTINE P. VELIS et al., Respondents. — Order of the Supreme Court, Bronx County (Kent, J.), entered on September 23, 1981, which granted the motion by defendant Constantine P. Velis to confirm the report of the special referee and dismiss the complaint against him and denied plaintiff's cross motion to reject the report and strike the defendant's defense of lack of jurisdiction, and judgment of the Supreme Court, Bronx County, entered on October 28, 1981, which dismissed the plaintiff's complaint against defendant Velis, are reversed, on the law and facts, with costs. Defendant's motion to confirm the special referee's report and dismiss the complaint is denied, and plaintiff's cross motion to reject the report and strike the defendant's defense of lack of jurisdiction is granted. This case involves a claim by plaintiff Mary Kardanis against defendant Constantine P. Velis and another physician for medical malpractice which allegedly occurred in March and April of 1978. On March 5, 1980, well within the Statute of Limitations, plaintiff purportedly commenced an action against Dr. Velis by means of personal service of a summons and complaint, the validity of which is disputed by the parties. By verified answer dated April 23, 1980, the defendant asserted he had not been properly served and that, therefore, the court lacked jurisdiction in connection with the instant matter. According to the plaintiff, defendant's counsel made repeated representations that the jurisdiction defense was "pro forma" and would be withdrawn but, as the period of limitations approached, Dr. Velis' attorney reneged on the agreement and refused to sign a stipulation prepared by the plaintiff's attorney. Thereupon, pursuant to an order to show cause dated October 7, 1980, the plaintiff moved to dismiss the jurisdictional defense. On November 11, 1980, the court referred the issue of personal service to a special referee to hear and report with recommendation. At the hearing, which was conducted on January 27, 1981, the plaintiff called Steven Schwartz, a process server, who testified to having personally served Dr. Velis on March 5, 1980. In response, Dr. Velis denied having been personally served. The special referee issued his report on April 10, 1981, finding that the plaintiff had "failed to sustain the burden of proving that service was effected herein" and recommending that the motion to dismiss the defense of lack of jurisdiction be denied. Special Term, in an order entered on September 23, 1981, granted the defendant's motion to confirm the report and dismiss the complaint and denied plaintiff's cross motion. Judgment was entered on October 28, 1981. In appealing the order and judgment of the court, plaintiff argues, in part, that the decision below was in error since the testimony of Steven Schwartz is clearly more credible than that of Dr. Velis. The rule is well settled that where questions of fact are submitted to a referee, it is the function of the referee to determine the issues presented, as well as to resolve conflicting testimony and matters of credibility, and generally courts will not disturb the findings of a referee "to the extent that the record substantiates his findings and they may reject findings not supported by the record" (*Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Comm. of City of N. Y.*, 81 AD2d 64, 71, revd on other grounds 55 NY2d 512). In the instant situation, despite certain discrepancies in the process server's testimony, his account of the events of March 5, 1980 is inherently more probable than the version offered by Dr. Velis. In this respect, it should be noted that Steven Schwartz is a disinterested witness whereas the defendant is a party to the litigation. Although the process server's affidavit of service contained some inaccuracies regarding the defendant's physical appearance,

these mistakes are readily explainable by Dr. Velis' admitted weight loss of approximately 20 pounds and must be balanced against Mr. Schwartz' precise description of the layout of the defendant's office. Moreover, in view of the innumerable other summonses regularly delivered by him, it is not unlikely that he would fail to recall prior visits to the defendant's office. On the contrary, Mr. Schwartz' unsuccessful previous attempts to serve Dr. Velis are evidence rather of the truthfulness of Mr. Schwartz' recital of what occurred, since if he simply dropped the papers outside the door, as the defendant contends, this is something which he could have done on his first trip and he need never have returned at all. Similarly, the loss of the process server's "log book" can scarcely serve as a reasonable basis upon which to discredit his testimony, particularly where the defendant significantly failed to call as a witness his secretary, an employee under his control, who supposedly discovered the summons and verified complaint on the floor outside his office. As for the referee's conclusion that the defendant's testimony concerning the security precautions and the limited access to his office is credible, Dr. Velis' description of his buzzer-intercom system has little probative value. There are many explanations for Mr. Schwartz' entry, especially since on the day in question, the defendant admittedly had office hours and patients were constantly coming into and departing the office, and someone could easily have left the door ajar or held it open for him. Under the circumstances, the process server's account is clearly more credible than Dr. Velis' unsupported denial of personal service. Concur — Ross, J. P., Asch, Markewich, Bloom and Milonas, JJ.