■ Evan R. Dawson, Respondent, v White & Case et al., Appellants. [622 NYS2d 269] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J., upon decision of Shirley Fingerhood, J.), entered January 14, 1994, which in an action for a partnership accounting against a law firm, insofar as appealed from, confirmed the Special Referee's report recommending that good will be included as an asset, and present value of unfunded pension plan benefits be excluded as a liability of the firm, and directed that interest be paid on the balance struck at the rate of 9% from the date that defendant dissolved itself in order to reconstitute itself without plaintiff as a partner, unanimously affirmed, with costs.

The proposition that a law practice has no good will is a consequence of ethical concerns that the sale of a law practice would necessarily involve the disclosure of client confidences (Code of Professional Responsibility EC 4-6). We agree with the Special Referee that such concerns do not come into play in contexts other than a sale *(cf., Harmon v Harmon,* 173 AD2d 98), in particular a partnership dissolution, and disagree with the dictum to the contrary in *Siddall v Keating* (8 AD2d 44, 46-47 [1st Dept 1959], *affd* 7 NY2d 846). Indeed, that defendant's remaining partners, after dissolving defendant in order to exclude plaintiff as a partner, immediately reconstituted themselves as a new firm using the same name, address, facilities and client list as the dissolved firm, evidences that defendant in fact had good will to distribute.

The present value of the benefits payable under defendant's

pension plan were properly excluded as a liability, there being evidence in the record to support the Special Referee's findings *(see, Kardanis v Velis,* 90 AD2d 727) that the pension payments were operating expenses for the successor firm contingent upon its profitability. The purported multi-million dollar liability never appeared in any of defendant's financial statements and was never assessed against either defendant or any of its partners for accounting purposes. It is only against plaintiff that defendant seeks to impose this burden. The unfunded plan was, and is, if anything, a future, not a current, liability, and the dissolution of the firm of which plaintiff was a member absolved it of any responsibility for paying these future, revenue-contingent benefits to retired partners *(see, Garfield v Greenbaum, Wolff & Ernst,* 103 AD2d 709).

We have considered the equities in connection with the award of interest at the legal rate of interest, and agree with the IAS Court's exercise of discretion in this regard (CPLR 5001 [a]). Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.