OPINION OF THE COURT
Per Curiam.
Order entered August 25, 1995 reversed, without costs, tenant’s motion to dismiss the petition is denied, and the petition is reinstated.
Civil Court dismissed this nonpayment proceeding upon the ground that the amount sought in the petition, representing an "equity increase” payable by the tenant shareholder over a 60-month period to fund necessary capital improvements, did not constitute rent or additional rent within the meaning of RPAPL 711 (2). The cooperators of tenant’s Mitchell-Lama housing company approved this increase, which was then authorized by the Department of Housing Preservation and Developement (DHPD). Upon tenant’s vacatur from the premises, the increased equity is to be refunded together with the original equity investment.
The governing occupancy agreement, under the heading "Monthly Rental Charges and Rebates”, requires tenant to pay as annual rent her proportionate share of the "cash requirements” of the company. That term is broadly defined as including "all reasonable and necessary expenses and outlays growing out of or connected with the ownership, maintenance and operation of the building * * * such expenses and outlays may include among other things * * * the cost of improvements, additions, alterations and repairs”. A capital assessment approved by the tenants for the improvement of major building systems is fairly comprehended within the agreement’s definition of "cash requirements”. Tenant’s nonpayment of her portion of these requirements, which constitutes her annual rental obligation, is therefore a proper subject for summary proceedings under RPAPL article 7.
It is clear from the record that if the equity increase had not been approved, the cooperative board would have been compelled to seek a carrying charge increase in order to preserve the building’s physical integrity. Whether the plan adopted to pay for necessary repairs takes the form of an increase in the monthly maintenance, or a capital assessment to be paid monthly over a fixed period, the housing company is entitled to *387 invoke its possessory remedy for default in payment and should not be limited to a plenary action.
Ostrau, P. J., McCooe and Freedman, JJ., concur.