OPINION OF THE COURT
Per Curiam.
Order, entered June 30, 2005, affirmed, with $10 costs.
Tenant’s pretrial motion to dismiss the holdover petition was properly granted, there being no serious dispute that landlord’s service by mail of the 10-day notice to cure was untimely under the rule enunciated in Matter of ATM One v Landaverde (2 NY3d 472 [2004]). Compliance with statutory notice requirements represents a condition precedent to maintenance of a summary eviction proceeding (see 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1991]), and the burden remains with the landlord to prove that element of its case at trial (see generally Siegel, NY Prac § 215, at 353 [4th ed]). Thus, the tenant’s failure to raise the notice issue in his initial dismissal motion or to plead it with specificity in his answer did not serve to relieve landlord of its trial burden to establish compliance with the Landaverde rule — a burden which, as indicated, landlord could not meet were this case to proceed to trial. Landlord’s reliance on Priel v Priel (NYLJ, Mar. 5, 1993, at 25, col 3 [App Term, 1st Dept]) for the proposition that tenant waived the right to object to the untimely service of the cure notice is misplaced since that case was fully tried and a possessory judgment was issued before tenant sought to dismiss the petition via a posttrial motion to “reargue” based upon the absence of a predicate notice.
McCooe, J.P., Davis and Gangel-Jacob, JJ, concur.