■ SUFFOLK P.E.T. MANAGEMENT, LLC, et al., Respondents, v AZAD K. ANAND, M.D., et al., Appellants. [24 NYS3d 612]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered November 25, 2014, awarding plaintiffs damages, and bringing up for review an order, same court and Justice, entered November 7, 2014, which confirmed in part and modified in part the special referee's report and recommendation following an inquest on damages, unanimously modified, on the law, to reduce the principal sum by the amounts of $44,724 awarded as damages for breach of a facility lease ($33,500 for leasehold improvements and $11,224 for the lost security deposit), and $53,834.84 awarded as damages for conversion of property, and remand the matter for recalculation of the interest, and otherwise affirmed, without costs.

On a prior appeal, we affirmed an order striking defendants' answer for noncompliance with discovery and directing that a default judgment be entered against them on liability (105 AD3d 462 [1st Dept 2013]). As defaulting parties, defendants are deemed to have admitted all traversable allegations in the complaint, but not plaintiffs' conclusion as to damages (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]).

Defendants contend that plaintiffs are not entitled to damages for accounts receivable, because the parties' "Turnkey License and Services Agreement" limits recovery of "Practice Revenues" to revenues received. However, in view of defendants' failure to explain why these amounts were not adjusted or written off, as was defendants' usual practice with unpaid bills, the referee's inference that these receivables were collected was reasonable (*see generally Kardanis v Velis*, 90 AD2d 727 [1st Dept 1982]). The absence of proof of payment is not dispositive, given defendants' discovery abuses (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 574 [1978]).

There is no basis for disturbing the motion court's upward modification of the referee's award of certain attorneys' fees. As the court found, "Plaintiffs achieved substantial success on the damages claim they initially pleaded," and defendants do not ascribe additional fees to plaintiffs' subsequent inflation of their damages claim. Moreover, as the court observed, "[P]laintiffs also expended significant legal fees in connection with defendants' discovery defaults and in establishing liability based on such defaults as well as in connection with the appeal[ ] regarding the liability determination." In addition, we find that the use of block billing by lead trial counsel did not warrant so deep an across-the-board reduction as the referee imposed (*see Community Counseling & Mediation Servs. v Chera*, 115 AD3d 589, 590 [1st Dept 2014]).

Plaintiffs failed to establish that plaintiff Sagemark Companies, Ltd. sustained any damages as a result of defendant AKA Holdings Limited Partnership's breach of a facility lease, for which a total of $44,724 in damages was awarded. Pursuant to the lease, the leasehold improvements, for which $33,500 was awarded, were either fixtures that would become the landlord's property or the personal property of the tenant, which, if not removed, would be deemed abandoned. Further, in determining whether plaintiffs established their entitlement to $11,224 in damages for the lost security deposit, the court should have considered evidence of Sagemark's default under the lease, since Sagemark's default was "intrinsic to the transactions at issue" and was "determinative of . . . plaintiff[s'] real damages, which [could not] be established by the mere fact of . . . defendant[s'] default" (*Rokina Opt. Co.*, 63 NY2d at 730-731).

Sagemark's former chief financial officer's directions to his staff that "[w]e are taking what needs to be taken and nothing else," that Dr. Azad Anand return rental equipment not at issue, and that "[e]verything else is staying put" reflects a clear intent to abandon those items now claimed to have been improperly converted, for which $53,834.34 in damages was awarded. In any event, as indicated, pursuant to the terms of the facility lease, personal items not removed were to be deemed abandoned. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.