■ MAUTNER-GLICK CORPORATION et al., Appellants, v HALEY GLAZER, Respondent. [48 NYS3d 587]—

Order, Appellate Term of the Supreme Court, First Department, entered on or about January 27, 2016, which affirmed an order of the Civil Court, New York County (Peter M. Wended, J.) (the Housing Court), entered on or about November 21, 2013, granting tenant-respondent's motion for summary judgment dismissing the petition in a summary holdover proceeding, unanimously affirmed, without costs.

Petitioners' threshold argument that tenant waived her right to contest service of the notice of nonrenewable (the *Golub* Notice) because she failed to raise it in her preanswer motion to dismiss is misplaced. Tenant's defense that she was not properly served with the *Golub* Notice was not a defense based on lack of personal jurisdiction, but on landlords' failure to comply with a condition precedent to suit (*W54-7 LLC v Schick*, 14 Misc 3d 49, 50 [App Term, 1st Dept 2006]). Compliance with

a statutory notice requirement represents a condition precedent to maintenance of a summary eviction proceeding, and the "burden remains with the landlord to prove that element of its case" (*id.*). Tenant timely raised the objection in her answer and again in her cross motion for summary judgment despite not having raised it in her pre-answer motion (*id.*; *see* CPLR 3211[e]).

Appellate Term also correctly affirmed the Housing Court's determination that proper service of the *Golub* Notice was not established at the hearing. In primary residence cases, "the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (*409-411 Sixth St. LLC v Mogi*, 112 AD3d 558, 558 [2013] [internal quotation marks omitted]). This is particularly true where, as here, the findings of fact "rest in large measure on considerations relating to the credibility of witnesses" (*id.* [internal quotation marks omitted]). A fair interpretation of the evidence supported the Housing Court's determination. Concur—Tom, J.P., Richter, Manzanet-Daniels and Kahn, JJ.