Ghailan v Carver (2024 NY Slip Op 50049(U))

[*1]

Ghailan v Carver

2024 NY Slip Op 50049(U)

Decided on January 11, 2024

Justice Court of the Town of Ossining, Westchester County

Gasbarro, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 11, 2024
Justice Court of the Town of Ossining, Westchester County

Fatma Ghailan, Yassine Benajiba, and Learn & Prosper Corp., Petitioners.

against
June Carver, Respondent.

Case No. 23110012 (143-23)

For the Petitioners: Heather R. Gushue, Esq., Gettinger Waldinger & Monteleone, LLP
For the Respondent: Mihaela Petrescu, Esq., Legal Services of the Hudson Valley

Jeffrey W. Gasbarro, J.

Papers Considered: Notice of motion, affirmation in support with attachments; affirmation in opposition with attachments; reply affirmation.
Prior to commencement of this nonpayment proceeding, Petitioners served Respondent with a "NOTICE OF NON-PAYMENT PURSUANT TO RPL § 235-e(d) AND NOTICE OF DEFAULT." The notice included language that "you have failed to pay the following rent due pursuant to the Lease within five (5) days it was due" and that "this is a Notice of Default. . . . You must within fourteen (14) days pay [the specified sum]. In the event of your failure to do so, we will take such steps as are necessary to immediately evict you from the premises."
Respondent moves to dismiss this nonpayment proceeding on the ground that Petitioners failed to comply with the 14-day notice requirement set forth in RPAPL 711(2). Respondent argues that the notices required by RPL 235-e(d) and RPAPL 711(2) are not interchangeable and that Petitioners failed to provide Respondent with the predicate notice language required by RPAPL 711(2).
In opposition to the motion, Petitioner argues, in effect, that the single notice served in this case satisfied the requirements of both RPL 235-e(d) and RPAPL 711(2)
In reply, Respondent argues that the notice required by RPAPL 711(2) is not contained within the subject notice. Specifically, Respondent argues that the notices failed to inform her that "she must either pay or vacate" (Reply affirmation at 2).
ANALYSIS
RPAPL 711(2) provides, in relevant part, that a special proceeding may be maintained where "[t]he tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a written demand of the rent has been made with at least fourteen days' notice requiring, in the alternative, the payment of the rent, or the possession of the [*2]premises, has been served upon him" (emphasis added).
Here, as Respondent accurately points out, the subject notice fails to include the language required by RPAPL 711(2) demanding she alternatively pay the rent or surrender possession of the premises. The notice demands only that Respondent pay the outstanding rent and specifies no alternative.
The Court finds that Petitioners' notice fails to comply with the statutory notice requirement set forth in RPAPL 711(2), as it fails to specify the two "alternatives" described in the statute. The purpose of the 14-day notice—to notify the tenant of the ways that litigation may be avoided—is defeated where one of the statutorily mandated alternatives is omitted. Although this holding may be seemingly technical in nature, courts have strictly construed the pleading and predicate notice requirements for summary landlord-tenant proceedings (see e.g. 582 Gates, LLC v Farmer, 65 Misc 3d 156[A] [App Term, 2d Dept, 2nd, 11th & 13th Jud Dists 2019]; M&S Queens Realty LLC v London, 79 Misc 3d 788 [Civ Ct, Queens County 2023]; M. 1695 G.C. LLC v Perez, 66 Misc 3d 320 [Civ Ct, Bronx County 2019]). "Compliance with a statutory notice requirement represents a condition precedent to maintenance of a summary eviction proceeding, and the burden remains with the landlord to prove that element of its case" (Mautner-Glick Corp. v Glazer, 148 AD3d 515, 515—516 [1st Dept 2017] [internal quotation marks omitted]; see WFHA Creston Ave., LP v Votaw, 66 Misc 3d 1213[A] [Civ Ct, Bronx County 2020]).
In light of the foregoing, the Court need not decide whether the requirements of RPL 235-e(d) and RPAPL 711(2) may be met by service of one combined notice.
Accordingly, it is ORDERED that Respondent's motion to dismiss is granted.
This constitutes the decision and order of the Court.
Dated: January 11, 2024
Ossining, New York
HON. JEFFREY W. GASBARRO
TOWN JUSTICE