Chun Zhe Qu v Min Suk Choi (2024 NY Slip Op 50219(U))

[*1]

Chun Zhe Qu v Min Suk Choi

2024 NY Slip Op 50219(U)

Decided on February 7, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2024
Civil Court of the City of New York, Queens County

Chun Zhe Qu, Petitioner,

against
Min Suk Choi, John Doe(s) 1-3, Jane Doe(s) 1-3, Respondents.

Index No. L&T 314333/23

Jennifer D'Ambrosio, Esq., of counsel
Esagoff Law Group PC
Great Neck, NY 
Attorneys for petitioner
Min Suk Choi, pro se
College Point, NY
Respondent

Clinton J. Guthrie, J.

PROCEDURAL HISTORY
This holdover proceeding based on a 90-day notice to vacate was filed in August 2023. Respondent Min Suk Choi (hereinafter "respondent") filed a pro se answer on October 10, 2023. In the answer, respondent challenged service of the predicate (90-day) notice. After the case was transferred to this trial Part, the proceeding was scheduled for a traverse hearing on the predicate notice and trial. A traverse hearing was conducted on January 9, 2024 and February 2, 2024. The court reserved decision upon the conclusion of the traverse hearing.[FN1]

[*2]HEARING
Petitioner called two (2) witnesses, Nnamdi Erskine and Joseph Staropoli. Mr. Erskine testified first. He testified that he is a licensed process server and is employed by Preferred Process Servers Inc (hereinafter "Preferred"). He testified that he recognized the 90-day notice at issue herein. He testified that he affixed a copy to "the tenant's" door on May 12, 2023. Upon refreshing his recollection with his worksheet, he recalled that he served the notice at 4:51 PM. He also testified that he made a prior attempt at service at the tenant's address. Upon again refreshing his recollection, he recalled that the prior attempt was on May 11, 2023 at 9:04 PM.
Mr. Erskine next testified about the affidavit of service for the 90-day notice. He testified that his signature appeared on the affidavit, and that Preferred caused it to be filed with the court. He also testified about his electronic records and photographs of the subject premises. The court admitted the records and photographs, but disregarded the GPS and timestamp notations, as Mr. Erskine testified that they originated with a third-party server whose records/data was not authenticated. Mr. Erskine testified that the photographs admitted into evidence depicted the "tenant's door" on May 11, 2023 and May 12, 2023.
On cross-examination, Mr. Erskine testified that he came to the subject premises on May 11, 2023 and May 12, 2023. Asked why he did not take a picture with the notice on the door, Mr. Erskine replied that it was "not mandatory." Asked if there was any other notice on the door at the time, he replied that he could not recall. When he was asked if he still had the original photos corresponding with the photographs in evidence, he replied that they were not on his phone any longer.
On redirect, Mr. Erskine testified that it was not in his regular course of business or required by the Department of Consumer Affairs [now Department of Consumer and Worker Protection] to take a photograph of papers after they are posted. He was asked how long he keeps photographs on his phone before deleting them. He responded that he discards them 3-4 months after they are taken.
On re-cross, Mr. Erskine was asked if he received a notification when information is uploaded. He replied that he does, but that it disappears. He was also asked how long he waited after pressing respondent's doorbell at each service attempt. He replied that he waited "a few minutes."
Joseph Staropoli was petitioner's second witness. He testified that he is a licensed process server and is the president (and employee) of Preferred. He testified he recognized the 90-day notice and mailed it by first-class and certified mail. After refreshing his recollection, he recalled that he mailed the notice on May 12, 2023. After testifying about a postage program, Simple Certified, that is used by Preferred to create and generate postage, the court admitted the records of certified mailing to respondents generated by the program.
On cross-examination, Mr. Staropoli was asked how long it takes for mail to be delivered. He replied that he had no control over that, and that he is only required to mail by certain dates. He was asked why the mailings arrived in September or October 2023. He replied that those were probably the holdover papers. He also denied attaching the papers to respondent's door. Petitioner rested on its case (for the traverse hearing) at the conclusion of Mr. [*3]Staropoli's testimony.
Min Suk Choi testified on his own behalf. He testified that he did not see the 90-day notice on his door on May 12, 2023. He was at home that day and stated that there was a different notice about "no parking" from the city posted on that date. He also testified that the certified mail records admitted as petitioner's exhibits stated that the mailing was delivered on "1/1/1900." He testified that he received envelopes by certified and first-class mail on September 29, 2023 and October 2, 2023. The court admitted as respondent's exhibits the following: two (2) envelopes addressed to respondent, a "Community Advisory" from the NYC Department of Design and Construction (DDC) advising of no parking from May 10, 2023 through May 12, 2023 (7 AM — 6 PM) on 120th Street between 20th Avenue and 22nd Avenue, a Public Participation Plan (about street reconstruction) from the NYC DCC, and USPS tracking for an envelope delivered on October 2, 2023.
On cross-examination, Mr. Choi was asked if he is fully employed. He replied, "I believe so." He also confirmed that he was fully employed in May 2023. He testified that he was home at both times when Mr. Erskine stated that he came to the subject premises. Mr. Choi testified that he is home by 4:30 PM when he goes to work but that he usually works from home. He testified that he has a doorbell and that it has worked for the last 9-plus years. He also confirmed that he hears the doorbell when it rings.
As to the Community Advisory notice, Mr. Choi was asked if he saw it posted on May 12, 2023. He replied that he saw it for a couple of days and that it was posted when he got home at 4:30 PM on May 12, 2023. He stated that it may have fallen down thereafter. The hearing ended upon the conclusion of cross-examination of Mr. Choi.
DISCUSSION, FINDINGS & CONCLUSION
At a traverse hearing on service of a predicate notice, the petitioner bears the burden of proving proper service. See Mautner-Glick Corp., 148 AD3d at 516; Trupia v. Davila, 2009 NY Misc LEXIS 2483 [Civ Ct, Kings County, May 20, 2009, Index No. 90905/08]. Whether the 90-day notice herein is construed to be a notice to quit pursuant to RPAPL § 713 or a notice of termination of a monthly tenancy pursuant to Real Property Law § 232-a, both such notices must be served according to the requirements in RPAPL § 735.[FN2]
Under RPAPL § 735, "if upon reasonable application . . . admittance cannot be obtained and such person found, [service shall be made] by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such . . . affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail." A "reasonable application" requires more than one attempt during normal working hours before resort is made to conspicuous place service. See Eight Associates v. Hynes, 102 AD2d 746, 747 [1st Dept 1984], affd 65 NY2d 739 [1985].
Mr. Erskine testified about two (2) attempts at service, on May 11, 2023 at 9:04 PM, and May 12, 2023 at 4:51 PM. He also testified that he affixed a copy of the 90-day notice to respondent's door on May 12, 2023 at 4:51 PM. However, he did not testify about the affixing in [*4]any detail. Additionally, the photograph of respondent's door that he testified was taken on the date of affixing does not depict the affixed notice. While he explained that it was neither a necessary business practice nor an administrative requirement to photograph the notice, the lack of a depiction leaves the record devoid of any tangible proof of proper affixing (see Bruckner by the Bridge, LLC v. Gonzales, 48 Misc 3d 1211[A], 2015 NY Slip Op 51039[U] [Civ Ct, Bronx County 2015, Vargas, J.]).[FN3]
When affixing is an element of service, the paper in question must be attached to "'ensure a genuine adherence.'" Steltzer v. Eason, 131 AD2d 833, 834 [2d Dept 1987] [quoting PacAmOr Bearings, Inc. v. Foley, 92 AD2d 959, 960 [3d Dept 1983]]. There was no evidence offered by petitioner for the court to assess whether the alleged affixing met this standard. Additionally, Mr. Choi testified consistently and credibly that he did not see or discover any copy of the 90-day notice affixed to his door on May 12, 2023. While the court does not find Mr. Erskine's lack of recollection of the "no parking" notice admitted into evidence to be fatal, Mr. Choi's production of the notice gives credence to his awareness of what was posted in the vicinity of his door on the date at issue, May 12, 2023. Thus, the court finds that petitioner failed to meet its burden of proving that the 90-day notice was affixed to respondent's door, as required by RPAPL § 735.
As petitioner did not meet its burden as to affixing, the court need not reach any other issue. Nonetheless, the court notes that while Mr. Choi challenged the certified and first-class mailings, Mr. Staropoli credibly testified about the preparation and mailing of the 90-day notice by both mailing methods. While Mr. Choi testified that he received the mailings months later, it is the mailings themselves that are required under the statute, not receipt (see Baer v. Lipson, 194 AD2d 787 [2d Dept 1993], appeal dismissed 83 NY2d 788 [1994]).
Upon the court's determination that petitioner did not establish at the traverse hearing that the 90-day notice was served as required by RPAPL § 735, traverse is sustained and the petition is dismissed for lack of a condition precedent (see Mautner-Glick Corp., 148 AD3d at 515-516; Simpson, 2019 NY Slip Op 50089[U], *2-3). The clerk shall issue a judgment dismissing the petition in accordance with this Decision/Order (see CPLR § 411). 
This Decision/Order will be filed to NYSCEF and will be emailed and mailed to respondent. The parties are directed to pick up their exhibits within 35 days or they may be destroyed at the court's discretion in compliance with DRP-185.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: February 7, 2024
Queens, New York
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:While service of a predicate notice does not implicate personal or subject matter jurisdiction (see 716 Realty, LLC v. Zadik, 38 Misc 3d 139[A], 2013 NY Slip Op 50194[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; D'Alesso v. Haggins, 9 Misc 3d 138[A], 2005 NY Slip Op 51799[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]), proper service of a statutory predicate notice is a required condition precedent to the maintenance of a summary holdover proceeding (see Mautner-Glick Corp. v. Glazer, 148 AD3d 515, 516 [1st Dept 2017]; 1646 Union, LLC v. Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).

Footnote 2:The notice refers to respondent's occupancy as being "unauthorized and presently being held . . . without permission of the Landlord," while the petition states to "any tenancy was terminated" under the terms of the notice.

Footnote 3:The court notes that Mr. Erskine's electronic records (worksheets) admitted into evidence only conclusorily refer to "nail and mail" as the method of service, with no details of the "nailing" portion.