Cedar Manor Mut. Hous. Corp v Taylor (2025 NY Slip Op 50009(U))

[*1]

Cedar Manor Mut. Hous. Corp v Taylor

2025 NY Slip Op 50009(U)

Decided on January 10, 2025

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 10, 2025
Civil Court of the City of New York, Queens County

Cedar Manor Mutual Housing Corp, Petitioner,

against
Andrea Taylor, Respondent.

Index No. L&T 307135/24

Counsel for Petitioner:
Norris McLaughlin P.A.
Counsel for Respondent:
Queens Legal Services

Logan J. Schiff, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Respondent's motion to dismiss (mot. seq. 1): NYSCEF 8-12.
RELEVANT PROCEDURAL HISTORY
Petitioner filed the instant nonpayment proceeding on May 3, 2024, seeking possession based on Respondent Andrea Taylor's default in payment of $30,478.38 in monthly maintenance and $2,320.56 in monthly assessments due under the parties' occupancy agreement. It is undisputed that the premises are a cooperative unit in a limited profit, city-assisted, housing cooperative corporation organized under Article II of the Private Housing Finance Law (the Mitchell-Lama Program) subject to the supervision of the Department of Housing Preservation and Development (HPD), and that Respondent is a shareholder/cooperator.
Respondent filed a pro se answer on May 15, 2024, and subsequently retained counsel on September 17, 2024, at which time the matter was adjourned to November 7, 2024, for possible settlement. At the November 7, 2024, appearance, the parties agreed to a briefing schedule for a motion to dismiss, which was filed on December 6, 2024, and opposed on December 20, 2024. The court heard oral argument on January 7, 2025, and reserved decision.
RESPONDENT'S MOTION
Respondent has moved to dismiss pursuant to CPLR 3211(a)(1), (2) and (7) on two [*2]grounds. First, Respondent argues that Petitioner's 14-day rent demand is fatally defective because 7% of the total demanded is comprised of monthly assessments rather than monthly maintenance, which Respondent argues cannot be sought in a summary nonpayment proceeding and renders the demand confusing and in bad faith. In support of this position, Respondent points to appellate case law holding that surcharges for failing to timely report income are not considered rent in Mitchell-Lama cooperatives supervised by HPD. Respondent also cites to the legislature's amendment of RPAPL 702 on June 14, 2019, as part of the Housing Stability and Tenant Protection Act (HSTPA) (L 2019, ch 36, §§ 11, 29), which defines rent as "the monthly or weekly amount charged in consideration for the use and occupation of a dwelling pursuant to a written or oral rental agreement" and now provides that: "No fees, charges or penalties other than rent may be sought in a summary proceeding pursuant to this article, notwithstanding any language to the contrary in any lease or rental agreement."[FN1]

Respondent separately argues that a rental ledger produced by Petitioner during this proceeding reflects payments totaling $3,697.50 from 2022 through November 2023, or 12% of the total demanded, which do not appear to be properly credited, since Petitioner sued for the full monthly maintenance for this period.
According to Respondent, both of the aforementioned errors in the rent demand are significant enough to render the notice defective and require dismissal inasmuch as predicate notices in summary proceeding are non-amendable (see Chinatown Apartments Inc. v. Chu Cho Lam, 51 NY2d 786 [1980]).
ANALYSIS AND DECISION
It is axiomatic that to maintain a summary proceeding for nonpayment of rent, a landlord must first serve a rent demand that "set[s] forth the approximate good faith amount of rent owed" and "fairly apprise[s] the tenant of the periods for which rent is allegedly due and in what amounts." (Dendy v McAlpine, 27 Misc 3d 138(A) [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010], citing RPAPL §711(2); Pantigo Professional Ctr., LLC v Stankevich, 60 Misc 3d 133(A) [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). A defective rent demand cannot be amended and mandates dismissal (EOM 106-15 217th Corp. v Severine, 112 N.Y.S.3d 861 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Not all errors in a rent demand are fatal, nor is there a precise formula for assessing the notice's sufficiency. Courts consider a range of factors, including "the magnitude of the discrepancy between the amount of rent upon which this proceeding may properly be maintained and the amounts actually asserted" (Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc., 51 Misc 3d 139 [A] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; see also Moniaci v Kelly, [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Thomas Jefferson Owners Corp. v Lokshin, 69 Misc 3d 147[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Friedman v Eisner, 886 N.Y.S.2d 70 [App Term, 2d, 11th & 13th Jud Dists, 2d Dept 2009]; Almark Holdings Co., LLC v [*3]Pizza147 NY LLC, 178 NYS3d 361 [App Term, 1st Dept 2022]), whether the errors in the demand were willful or inadvertent (see, e.g., 57 Elmhurst, LLC v Castillo, 80 Misc 3d 1205[A] [Civ Ct, Queens Co 2023]); 10 Midwood LLC v Hyacinth, 2003 NY Slip Op 50789[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003]), and if the demand's lack of clarity as to the amount needed to be paid in order to avoid litigation prejudiced the tenant in its "ability to respond to the demand, formulate defenses, and avoid litigation or eviction" (10 Midwood LLC at *3).
Here, Respondent argues that Petitioner's rent demand is facially defective insofar as 7% of the rent demanded, a significant portion in Respondent's view, is comprised of monthly assessments rather than monthly maintenance, i.e. rent, which Respondent contends are not collectible in a nonpayment proceeding. However, while Respondent cites several appellate decisions holding that Mitchell-Lama surcharges in HPD-supervised buildings cannot be sought as rent in a nonpayment proceeding (see Matter of Dayton Towers Corp. v Gethers, 24 AD3d 663), these holdings appear to hinge on a regulatory agreement involving New York City where it agreed that surcharges would not constitute rent (see Riverbay Corp. v Carrey, 29 Misc 3d 855 [Civ Ct, Bronx Co 2010], discussing and citing Bedford Gardens v Silberstein, NYLJ, June 29, 1998 at 30, col 4 [App Term, 2d Dept 1998]).[FN2]
 Unlike surcharges, which are penalties designed to compel compliance with the annual income reporting requirements in Mitchell-Lama developments pursuant to the statutory scheme (see Rochdale Vil., Inc. v Hallerdin-Grant, 84 Misc 3d 283 [Civ Ct, Queens Co 2024], citing Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 654 [2013]), assessments are not punitive but function as a means of funding the operation and maintenance of a building and have been held to constitute rent for purposes of RPAPL 711(2) when classified as such in the relevant rental agreement (see, e.g., Riverbend Hous. Co. v Stephenson, 172 Misc 2d 385 [App Term, 1st Dept 1997]).[FN3]

While Respondent did not include the parties' occupancy agreement in support of her motion, Petitioner attached a copy with its opposition papers, the contents of which are not in dispute (NYSCEF 11). Paragraph B of the occupancy agreement states that rent and carrying charges shall include the shareholder's "proportionate share of the total cash requirements of the Lessor" including "assessments, water rates, insurance premiums [and] operating expenses . . . " Petitioner's agent's affidavit in opposition to Respondent's motion further avers that the assessments at issue in this proceeding were "for funding maintenance/improvement to the Building's elevator, façade and other capital work and are imposed upon every shareholder in the Building" (NYSCEF 10).
Under the circumstances, particularly in the context of a CPLR 3211 motion to dismiss where the court must afford the pleadings a liberal construction, take the allegations of the complaint as true, and provide the petitioner the benefit of every possible favorable inference [*4](Leon v. Martinez, 84 NY2d 83, 87 [1994]), it cannot be concluded that Petitioner's rent demand is facially defective for seeking assessments classified by the occupancy agreement as rent, rather than reflecting a "substantive dispute over the amount of rent arrears and other charges actually owed" (Rippy v Kyer, 23 Misc 3d 130[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Accordingly, this branch of Respondent's motion to dismiss is denied.[FN4]

Respondent separately argues that the rent demand is defective because a rent ledger provided by Petitioner in litigation reveals payments of $3,697.50 from January 2022 through November 2023, whereas the rent demand seeks the full monthly maintenance for this period. Respondent argues that, because these payments were seemingly not credited to her account and comprise 12% of the total rent demanded, the notice is fatally defective.
"Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Gordon v Vladislav Tsirkin CPA & Co. LLC, 229 AD3d 450 [2d Dept 2024] [internal citation omitted]). Similarly, "[a] motion pursuant to CPLR 3211(a)(1) to dismiss the complaint [or petition] on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Phillips v Taco Bell Corp, 152 AD3d 806 [2d Dept 2017]).
Here, even assuming Petitioner's rent ledger could be considered documentary evidence for purposes of a CPLR 3211(a)(1) or (7) motion, it fails to utterly refute the sufficiency of Petitioner's rent demand. The court simply cannot discern from the current record if Respondent's payments for $3,697.50 from January 2022 through November 2023, as reflected on the ledger, were applied by Petitioner to older pre-Petition arrears or other charges. Although Respondent was entitled to earmark rental payments for a specific period (see Neptune Dev. Corp. v Kalogiannis, 63 Misc 3d 164 [A] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]), she has offered no evidence that the payments at issue were earmarked, or that Petitioner was barred from applying the payments elsewhere. "The general rule is that the debtor may direct the application of his payments, but if he fails to do so, then the creditor is permitted to apply the payments as he sees fit" (Snide v Larrow, 62 NY2d 633, 634 [1984]). Accordingly, this branch of Respondent's motion is denied.
[*5]CONCLUSION
For the foregoing reasons, Respondent's motion to dismiss is denied in its entirety. This proceeding is hereby transferred to Part X for trial assignment.
Dated: January 10, 2025
Queens, New York
HON. LOGAN J. SCHIFF, J.H.C.

Footnotes

Footnote 1: While the HSTPA was subsequently amended on December 22, 2021, to allow private cooperatives the right to seek in a nonpayment proceeding non-rent fees classified in a lease as "added rent" (see Thomas Jefferson Owners Corp. v Lokshin, 2024 NY Slip Op 24169 [Civ Ct, Queens Co 2024]), the more narrow definition of rent in the statute still applies to cooperatives subject to Article II of the Private Housing Finance Law, which encompasses Mitchell-Lama cooperatives (see RPAPL 702(2)).

Footnote 2: In Riverbay Corp. v Carrey, Judge Kraus also discusses the distinction between surcharges as added rent in state- and city-assisted Mitchell-Lama projects (29 Misc 3d 855 [Civ Ct, Bronx Co 2010]). 

Footnote 3: This court is not aware of any published authority specifically addressing the collectability of surcharges or assessments in city- or state-funded Mitchell-Lama developments following the HSTPA's amendment to RPAPL 702, which now bars the collection of any non-rent charges, even where classified as such in the rental agreement.

Footnote 4: The court need not answer at this juncture, the open question of law as to whether the HSTPA's amendment to RPAPL 702, in limiting the collection of non-rent charges in a summary proceeding, implicates Mitchell-Lama surcharges or assessments otherwise defined as rent in the occupancy agreement. Rather, the court's decision is limited to holding that Petitioner's rent demand is not facially defective for purposes of a CPLR 3211 motion. It will remain Petitioner's burden to prove every element of its prima facie case at trial, including service of a proper predicate rent demand (see Mautner-Glick Corp. v. Glazer, 148 AD3d 515, 516 [2d Dept 2017]; W54-7 LLC v. Schick, 14 Misc 3d 49, 50 [App Term 1st Dept 2006] Mautner-Glick Corp. v. Glazer, 148 AD3d 515, 516 [2d Dept 2017]; W54-7 LLC v. Schick, 14 Misc 3d 49, 50 [App Term 1st Dept 2006]).