Chun Lin v Lu Mei Chen (2025 NY Slip Op 50458(U))

[*1]

Chun Lin v Lu Mei Chen

2025 NY Slip Op 50458(U)

Decided on April 8, 2025

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 8, 2025
Civil Court of the City of New York, Queens County

Chun Lin, Petitioner-Landlord,

against
Lu Mei Chen, et al., Respondents.

Index No. L&T 306959-24

Attorneys for Petitioner: MICHAEL MOSSA & ASSOCIATES, LLC
Attorneys for Respondent: KING L. WU & ASSOCIATES, P.C.

Logan J. Schiff, J.

Petitioner Chun Lin commenced this summary holdover proceeding against Respondent Lu Mei Chen upon filing the Petition on April 30, 2024, seeking to recover possession of the first-floor apartment located at 56-22 135 Street, Flushing, New York 11355. Prior to commencement, Petitioner alleges it personally served Respondent with a 90-day notice of termination of her month-to-month tenancy on December 26, 2023, advising her that if she failed to vacate by April 30, 2024, Petitioner would commence an eviction proceeding (NYSCEF 1 at 5). Respondent interposed a pro se answer on October 17, 2024, with a general denial and a sole defense that she was not served with the 90-day notice.
The court conducted a trial on March 26, 2025, and April 4, 2025. Respondent was pro se for the first day of the trial. She was represented by counsel on second day, who unsuccessfully sought an adjournment. Respondent and Petitioner both testified, and each side called one third-party witness. All the witnesses utilized a Mandarin interpreter.
THE TRIAL
Most of the relevant facts are undisputed. The subject premises is a legally permitted 2- family home presently operated as 3-family by virtue of an unpermitted basement apartment. As such, Petitioner is not entitled to an award of use and occupancy (see MDL 302). Respondent moved into the first-floor unit of the premises in April 2021 pursuant to an oral monthly rental agreement for either $2,300 according to Respondent, or $2,800 according to Petitioner. Respondent paid rent for at most several months, the precise date being unclear and in dispute, and has not paid any rent for approximately three years. Petitioner is the owner of the premises as established by his testimony and a certified deed admitted into evidence. Petitioner signed and authorized service of the 90-day notice of termination and the Petition. The apartment is not subject to the Good Cause Eviction Law because Petitioner does not own more than ten rental units in New York State and is therefore exempt as a small landlord (see L 2024, ch 56, part HH; [*2]RPL 211(3)(a) and 214(1)).
The only defense raised by Respondent was that she was not served with the 90-day termination notice prior to commencement of the proceeding, notwithstanding an affidavit of service filed with the court in which an individual named Yixiang Lin, who is not a licensed process server, claims to have personally served the notice on Respondent on December 26, 2023, at 8:30am. Respondent does not dispute the physical description of her in the affidavit. Rather, she contends that the statements in the affidavit are false.
Virtually all summary eviction proceedings require timely service of a predicate nonrenewal or termination notice prior to commencement. In the case of the termination of an unregulated month-to-month tenancy, as is relevant here, the form and timing of the notice are dictated by RPL 232-a (see Federation of Orgs. For the NY State Mentally Disabled, Inc. v Lindsay, 80 Misc 3d 131 [App Term, 1st Dept 2023], revd on other grounds 233 AD3d 444 [1st Dept 2025]). Proof of service of a legally sufficient predicate notice is a statutory condition precedent in a summary proceeding and is part of a landlord's prima facie case (1646 Union v Simpson, 62 Misc 3d 142 [App Term, 2d Dept, 2d, 11th &13th Jud Dists 2019]; Mautner-Glick Corp. v. Glazer, 148 AD3d 515, 516 [1st Dept 2017]; W54-7 LLC v. Schick, 14 Misc 3d 49, 50 [App Term, 1st Dept 2006]).
Unlike other elements of a landlord's prima facie case, which are placed at issue merely by virtue of a general denial (see LPP Mtge. Inc. v Cruz, 81 Misc 3d 1242 [Civ Ct, Queens Co 2024], citing Matter of Metro Plaza Apts. v Buchanan, 204 AD3d 45, 48 [3d Dept 2022]), the appellate courts in the Second Department have held that a challenge to the manner of service of a predicate notice must be articulated in some fashion in the tenant's answer or a pre-trial motion, or the defense is waived and the landlord may rely on a facially sufficient affidavit of service (see West Haverstraw Preserv. LP v Diaz, 58 Misc 3d 150 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Marmon Realty Group, LLC v Khalil, 72 Misc 3d 136 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; City of New York v Jones, 1992 NY Lexis 706 [App Term, 2d Dept, 2d & 11th Jud Dists 1992]). In order to avoid a waiver, the tenant must at least minimally frame the defense in the answer so as to provide "the court and the parties with notice of material elements of each defense" (George Douleveris & Son, Inc. v P.J. 37 Food Corp., 39 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).[FN1]
This does not mean that in every case where a respondent includes a cursory denial of service of the predicate notice in their answer, that the person who served the notice must testify at trial where their affidavit is otherwise sufficient. As with a personal jurisdiction defense, a petitioner may move prior to trial to dismiss the defense of service of the predicate notice (see 1711 Boone Ave. LLC v Alhudais, 84 3d 127 [App Term, 1st Dept 2024]). Once such a motion is filed, in the absence of a sworn factually specific refutation of the affidavit of service by the respondent, the issue of service of the notice will be resolved in the petitioner's favor without the need for any further showing at [*3]trial, as a facially proper affidavit of service of a required legal notice "constitutes prima facie proof of its service" (Citi Land Servs., LLC v McDowell, 30 Misc 3d 145 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Engel v Lichterman, 62 NY2d 943 [1984]).
A trickier procedural posture occurs where the respondent interposes a barebones denial of service of the notice, and the petitioner fails to seek dismissal of the defense prior to trial. In these circumstances, the appellate courts have allowed the petitioner to offer the affidavit of service to make an initial prima facie showing, with the burden shifting to the respondent to "at least minimally develop that affirmative defense at the time of trial" (349 E. 49th St. Equities v Vought, [App Term, 1st Dept 1982]) to rebut the presumption of service in the affidavit and transfer the ultimate burden of persuasion back to the petitioner, at which point the testimony of the server is needed insofar as "an unsupported affidavit of service" while admissible evidence at trial, "would be outweighed by the testimony of a defendant denying service" (Rox Riv 83 Partners Ettinger, 276 AD2d 782, 783 [2d Dept 2000]).
Here, Respondent's pro se answer contested service of the predicate notice, albeit in a conclusory non-specific manner, merely stating she "didn't receive the 90 [day] notice" (NYSCEF 13). Petitioner did not seek dismissal of the defense, nor did Respondent move for an evidentiary hearing as to service of the notice prior to transfer to the trial part or for an order at the pre-trial conference directing the testimony of the process server. The court therefore allowed Petitioner to introduce and rely on the affidavit of service in which Yixiang Lin claims he effectuated personal service of the termination notice on the Respondent at 8:30am on December 26, 2023. The court notes that the description of the Respondent in this affidavit was consistent with her physical appearance at trial.
In rebuttal, Respondent testified that she was staying at a friend's house in Brooklyn for a Christmas Party on December 25, 2023; that she stayed overnight and did not return home until the late afternoon on December 26; that in 2022 she installed a Ring video motion sensor camera that detects movement in front of the door to the building and sends a notification to her phone, which was in working order at the time and did not show any movement that morning; and that she is confident she was never served with any notice of termination.[FN2]

In light of Respondent's sworn testimony taking issue with service of the notice of termination, the court permitted Petitioner to call Yixiang Lin as a witness to bolster its evidence that the predicate notice was served. Mr. Lin testified that he knocked on the exterior door to the building on the first floor at approximately 8:30am on December 26, 2023; that Respondent opened the door and identified herself by name, and he handed her the papers; and that the Respondent in the courtroom was the person he served. On cross-examination the witness conceded that he knocked only on the outer door to the building and did not ring a bell, and that there were at least two doors between the building's exterior and Respondent's residence, but that somehow Respondent heard his knock from within her apartment.
On the second day of trial, now with the benefit of counsel, Respondent called Huifang Lin as a witness. Ms. Lin stated testified she and Respondent are good friends; that for the last 4-[*4]5 years she has had a Christmas party on December 25, including last year and the year prior in 2023, at her apartment in Sunset Park, Brooklyn; that Respondent comes every year along with 4-5 other friends and their children; that the party continued until approximately 10pm on December 25, 2023; that Respondent is the only one who lives outside of Brooklyn and therefore usually stays overnight; that on the date in question Respondent stayed over and did not wake up until around 11am; that Respondent spent the day at her house and did not leave until the late afternoon on the 26th; and that she is confident Respondent was at her house on the morning of December 26, 2023 and could not have been in Queens.
CONCLUSION
Upon due deliberation, the court finds that Petitioner failed to meet its prima facie burden of proving service of the 90-day notice of termination. Both Petitioner's witness, Yixiang Lin, who stated he handed Respondent the notice personally, and Respondent's friend, Huifang Lin, who swore Respondent was staying at her home until the afternoon of December 26, 2023, were equally credible in this court's view, despite their diametrically opposed versions of events. Mr. Lin clearly recalled Respondent coming to the front door of the building and handing her the papers and identifying herself, and he testified without hesitation that the Respondent in the courtroom was the person he served. Ms. Lin for her part was unequivocal in her position that Respondent, her good friend, comes to her Christmas Party in Brooklyn every year, and that she was confident she stayed over that night because she lives far away in Queens, and that they all slept in and spent the day together before Respondent returned home in the afternoon. Ms. Lin's precise recollection of these events, despite their occurring over a year ago, is plausible in the context of an event that occurs annually on a fixed holiday.
In weighing conflicting testimony, a trial court has the power to "accord the testimony of a disinterested witness like a process server more weight than an interested witness like a party" (Leifer v Moskowitz, 77 Misc 3d 720 [Civ Ct, Kings Co 2022], citing Kardanis v Velis, 90 AD2d 727, 727-728 [1st Dept 1982]). Neither third party witness in this matter meets the definition of an entirely disinterested witness. Unlike a licensed process server, who risks losing his license and livelihood if he makes false statements regarding service, Petitioner's witness is unlicensed and did not testify as to his professional credentials. Nor was any testimony offered regarding the nature of his relationship with Petitioner, in the absence of which the court presumes Mr. Lin and Petitioner have a personal relationship. Similarly, Respondent's witness, while lacking a possessory or financial interest in the subject dispute, testified that she is "close friends" with the Respondent.
"When the evidence comes down to one interested party's word against the other interested party's word, in the absence of some reason to weight one party's testimony more than another, the evidence is in equipoise and the proponent, Petitioner, does not satisfy her burden of proving her proposition by a preponderance of the evidence" (Garcia v Adams, 71 Misc 3d 1205 [Civ Ct, Kings Co 2021]), citing Rinaldi & Sons, Inc. v Wells Fargo Alarm Service, Inc., 39 NY2d 191 [1976]). In this case, even were the court to entirely discount Respondent's inherently self-interested testimony that she was not served, which the court also found to be credible, and to only consider the testimony of the third-party witnesses, each of whom is in some measure an interested party, the court finds that neither party's testimony preponderates over the other, particularly inasmuch as Petitioner's witness did not offer any electronic location data, a logbook, or photographic evidence that might have been utilized by a licensed process server in [*5]order to amplify the testimony. Accordingly, the court finds that Petitioner "failed to sustain its burden of proof by a preponderance of the evidence that the predicate notice of [termination] was served" (see Mautner-Glick Corp. v Glazer, 50 Misc 3d 136 [App Term, 1st Dept 2016], affd 148 AD3d 515, 516 [1st Dept 2017]; City of New York v DeNoble, 8 Misc 3d 1014 [1st Dept 2005]). Because a "landlord cannot be awarded possession where a valid notice of termination has not been served" (1646 Union v Simpson, 62 Misc 3d 142 [App Term, 2d Dept, 2d, 11th &13th Jud Dists, 2d Dept 2019]), the Petition is dismissed after trial without prejudice to commencement of a subsequent proceeding upon service of a new 90-day notice of termination. The clerk is hereby directed to enter a judgment of dismissal. This constitutes the decision and order of the court.
Dated: April 8, 2025
Queens, New York
Hon. Logan J. Schiff, J.H.C.

Footnotes

Footnote 1:Presumably, as with most affirmative defenses, the waiver of a predicate notice service defense may be nullified by a subsequent amendment of the pleadings (see Deutsche Bank Natl. Trust Co. v Groder, 218 AD3d 542 [2d Dept 2023]), including in appropriate instances on the eve of or during a trial in the absence of prejudice (see e.g. Four Thirty Realty LLC v Kamal, 83 Misc 3d 138 [App Term, 1st Dept 2024]; Thanasoulis v Shapiro, 81 Misc 3d 132 [App Term, 1st Dept 2023]).

Footnote 2:Respondent attempted to move into evidence the motion sensor data from the Ring video application for December 26, 2023, to show that no activity was detected at the time in question, however this evidence was not adequately authenticated for the court to consider it (see Torres v Hickman, 162 AD3d 821 [2d Dept, 2018]).